STATE of North Dakota, Plaintiff and Appellee,

v.

Dennis R. REICH, Defendant and Appellant.

Cr. No. 713.

Supreme Court of North Dakota.

Oct. 27, 1980.

Brian W. Nelson, Fargo, for defendant and appellant.

James R. Johnson, Asst. State's Atty., Mandan, for plaintiff and appellee.

PAULSON, Justice.

Dennis R. Reich appeals from a judgment of conviction entered against him by the Morton County Court with Increased Jurisdiction. A six–member jury convicted Reich of hunting with an artificial light in violation of § 20.1–01–08 of the North Dakota Century Code. We reverse the conviction.

On the evening of October 28, 1979, David Diede, Jr., a rancher residing near Hebron received a telephone call from a friend who notified Diede that some of Diede's cattle had escaped from a farmyard and fenced pasture owned by Diede. This land was located south of Hebron. Because Diede had difficulty in walking due to an injury to his knee, he called a nephew, Dennis R. Reich [the appellant] concerning the strayed cattle and Reich agreed to assist Diede in chasing the cattle into the farmyard and pasture. Diede, Reich, and two relatives of Reich's proceeded to Diede's farmyard and used Reich's pickup truck to chase the cattle into Diede's farmyard. The farmyard contained grain bins and several other buildings.

Diede had experienced problems with raccoons damaging buildings in his farmyard and, after the cattle had been herded back inside the pasture fence, Reich used a flashlight and a spotlight on his pickup to search for raccoons under some of the buildings. At the same time, Tyler Clifford Hendrickson, a game warden pilot for the North Dakota Game and Fish Department, was engaged in a night–flying operation in order to locate persons engaged in hunting wildlife with the aid of artificial lights, *i. e.,* illegal spotters. A companion with Hendrickson in the plane was Roger Eugene Johnson, a big–game biologist for the Game and Fish Department. Both Hendrickson and Johnson observed the lights shining from Reich's pickup and concluded that illegal spotting of wildlife might be involved. They contacted Game Warden Supervisor Mardell Flaten, who proceeded to the Diede farmyard and cited Reich with a violation of § 20.1–01–08, N.D.C.C., which prohibits hunting wildlife at night with the aid of artificial lights.

At the trial, several factual issues were disputed. The main dispute concerned the time at which the alleged violation occurred. Other disputed facts concerned the location of Diede's farmyard and fenced pasture. Flaten testified that Reich an-

swered "We were hunting coon" in response to Flaten's question about what the parties were doing in the Diede farmyard. Reich testified that he answered "I was looking for coon". However, it is undisputed that Reich used a flashlight and the spotlight on his pickup truck to search for raccoons.

Section 20.1–01–08 and subsection 5 of § 20.1–01–02, N.D.C.C., provide as follows:

"*20.1–01–08. Hunting with artificial light prohibited–Exception.* It shall be unlawful for any person to pursue, shoot, kill, take or attempt to take any wildlife between sunset of one day and sunrise of the next, with the aid of a spotlight or any other artificial light. This section does not make it unlawful for any person to use a lantern, spotlight, or other artificial light to assist him in pursuing and shooting on his premises any coyote, fox, skunk, mink, raccoon, weasel, owl, rabbit, or other predatory animal or bird, attacking and attempting to destroy such person's poultry, livestock, or other property. It is permissible to use an artificial light of not more than two cells in the aggregate of four volts while hunting afoot for raccoon during the open season on such animal. A red or amber filter must be placed on any artificial light used in the hunting of raccoon, except when taking a raccoon treed or at bay."

"*20.1–01–02. Definitions.* In this title, unless the context or subject matter otherwise requires:

.     .     .     .     .

"5. 'Person' shall include every partnership, association, and corporation. No violation of this title shall be excused because it was done as the agent or employee of another, nor because it was committed by or through an agent or employee of the person charged."

Reich's theory at trial and on this appeal is that Reich was an agent, a joint venturer, or a partner on the night in question. After each side had presented its evidence, the court gave both the state's attorney and the defense counsel the opportunity to review the instructions on the law in the case. The court paraphrased § 20.1–01–08, N.D.C.C.,

in its instructions to the jury, but refused to submit an instruction containing subsection 5 of § 20.1–01–02, N.D.C.C. During the course of the jury's deliberations, the jury sent to the court the following note:

"In regard to the defense of hunting with artificial light, can a person who is not the landowner help the rightful landowner hunt raccoons with an artificial light as in this case of being related and the uncle having a bad leg? Legally, is there a way of handling this?"

In compliance with § 29–22–05, N.D.C.C., the court notified the state's attorney and defendant and his counsel of the jury's request for further instructions. The parties also were given an opportunity to recommend answers to the questions posed in the jury's note. After an *in camera* review of the questions posed in the note, the trial court directed the jury to consider the previous instructions as a whole and also directed the jury to use the instruction on the exemption to answer the questions submitted to the court. Reich's attorney objected to the court's response and argued that only the first sentence of subsection 5 of § 20.1-01–02, N.D.C.C., should have been incorporated in the instructions to the jury. Reich's attorney also argued that the exemption contained in § 20.1–01–08, N.D.C.C., should have been extended to Reich and should have been included in the court's response to the jury's note.

Reich asserts two issues for our consideration. The issues concern the propriety of the instructions given in the case as well as the sufficiency of the evidence. Reich contends that only the first sentence of the definition of the term "person" should have been given to the jury. Reich's argument is based upon the contention that an instruction containing the entire definition of the term "person" would be misleading because the second sentence of the definition operates to proscribe the exemption contained in § 20.1–01–08, N.D.C.C., from application to agents or employees. The court did not submit an instruction on the definition of the term "person". However, § 20.1–01–08, N.D.C.C., was submitted to the jury in paraphrased language as an instruction.

The basic issue that confronts us is whether or not the agents or employees of another may avail themselves of the exemption contained in § 20.1–01–08, N.D.C.C., which states that it is not unlawful for any person to use a lantern, spotlight, or other artificial light to assist him in pursuing and shooting on his premises predatory animals or birds which are attacking and attempting to destroy that person's poultry, livestock, or other property. This issue requires us to examine the history of legislative intent. Subsection 5 of § 20.1–01–02, N.D.C.C., was derived from Chapter 128, § 13 of the Session Laws of 1909, and has not been substantively amended since. Section 20.1–01–08, N.D.C.C. was enacted in 1941 (Chapter 156, § 1 of the Session Laws of 1941) and the statutory exemption contained in the section has been modified in form only and not in meaning since that time.

Despite the paucity of legislative history on these two statutes, an Attorney General's opinion sheds light on their construction. The Attorney General's opinion, dated December 6, 1956, interpreted § 20–0105, N.D.R.C.1943 [now codified as § 20.1–01–08, N.D.C.C.], and stated:

"We believe this statute is designed to prevent the hunting of wildlife with the aid of artificial light under any circumstances since such a practice is extremely dangerous in view of the limited visibility that occurs under such circumstances. The legislature wisely made an exception in the case of predators which are attacking and attempting to destroy the property of the person in possession of the premises, since without such a provision the person in possession of the premises would be left defenseless against the forays of these animals. Even this is limited to cases in which predators are actually *attacking and attempting to destroy* the property of the person in possession of the premises." [Emphasis in original.]

The Attorney General's opinion interpreting this section further stated:

"We believe, therefore, that hunting wildlife with the aid of artificial light is prohibited in all cases, except where a predator is attacking and attempting to destroy the property of the person in possession of the premises. In such circumstances, however, we believe it would be permissible for the person in possession to call on third persons to aid him in destroying the predators."

Where the act of the legislature is ambiguous, this court will give weight to a practical and contemporaneous construction placed upon such statute by the Attorney General in his opinion. *Walker v. Weilenman*, 143 N.W.2d 689 (N.D.1966); *City of Minot v. Knudson*, 184 N.W.2d 58 (N.D. 1971). While not binding upon this court, an Attorney General's opinion has important bearing upon the construction and interpretation of a statute. *Hughes v. State Farm Mutual Automobile Insurance Company*, 236 N.W.2d 870 (N.D.1975).

It is the duty of the court to correctly advise the jury on the law of the case. In order to assert on appeal that an instruction is erroneous or misleading, counsel must raise the objection to the instructions in the manner required by Rule 30(c) of the North Dakota Rules of Criminal Procedure. Reich objected to the instructions on the ground that they were erroneous and prejudicial because they were incomplete and misleading. In determining whether a jury instruction is misleading, the instruction as a whole must be considered. If, when considered as a whole, the instruction correctly advises the jury as to the law, it is sufficient although part of the instruction standing alone is insufficient or erroneous. *State v. Erickson*, 241 N.W.2d 854 (N.D. 1976); *State v. Piper*, 261 N.W.2d 650 (N.D. 1978). If a jury instruction, when read as a whole, is erroneous, relates to a subject central to the case, and affects the substantial rights of the accused, it is ground for reversal. *State v. Pfister*, 264 N.W.2d 694 (N.D.1978).

The instructions given paraphrased § 20.1–01–08 but did not include subsection 5 of § 20.1–01–02, N.D.C.C. We have determined that the instructions given were erroneous and prejudicial because they

were both incomplete and misleading. The instructions given failed to state that the exemption was also available to agents or employees of "any person . . . on his premises", and were incomplete. The instructions were misleading because they purported to deny the exemption to all agents or employees irrespective of whether or not they were employed by the owner of the premises or the person lawfully in possession of the premises. Because the instruction governing the statutory exemption is the central issue in this case, the failure to extend the statutory exemption to such agents or employees is prejudicial. This error is of such a degree that the instruction, when read as a whole, is erroneous. Thus, the failure to properly instruct in the instant case is ground for reversal.

We agree with the basic premise of the Attorney General's interpretation of what is now codified as § 20.1–01–08, N.D.C.C. [formerly § 20–0105, N.D.R.C.1943]. Thus, hunting wildlife with the aid of artificial light is prohibited in all cases except where a predatory animal or bird has been attacking and attempting to destroy the poultry, livestock, or other property of the owner of the premises or the person in lawful possession of the premises. The person in lawful possession of such premises may call upon his agents or his employees to protect the property on his behalf. However, the agents or employees may avail themselves of the exemption contained in § 20.1–01–08, N.D.C.C., only if such predators have been attacking and attempting to destroy poultry, livestock, or other property; and, secondly, the exemption is available only if the artificial light is used on the premises of the owner or person lawfully in possession of the premises who appoints or hires the agent or employee. These two requirements are necessary because of the strong State interest not only in curbing dangers involved in hunting with artificial light but also in protecting against the unrestricted hunting of wildlife.

Our construction of the statutes rests upon several grounds. Section 1–02–38,

N.D.C.C., states that in enacting a statute it is presumed that a just and reasonable result is intended. A brief review of subsection 5 of § 20.1–01–02, N.D.C.C., reveals that the term "person" includes partnerships, associations, and corporations. Subsection 5 goes on to state that "No violation of this title shall be excused because it was done as the agent or employee of another, nor because it was committed by or through an agent or employee of the person charged." If the language of the statute is read literally, partnerships, associations, and corporations could not avail themselves of the exemption contained in § 20.1.–01–08, N.D.C.C., because their actions can only be conducted by agents or employees. A blanket exclusion against extending the exemption to partnerships, associations, and corporations is an unreasonable result which we cannot ascribe to the legislature. The right of such entities to protect their property is equal to the right of an individual landowner·to protect his property.

Likewise, the result in this case would be unreasonable if the exemption could not be extended to agents or employees of someone other than a partnership, association, or corporation. If a predatory animal or bird is attacking and attempting to destroy a person's poultry, livestock, or other property, the owner or person lawfully in possession of the premises cannot be placed at the mercy of such predators. This result would occur if an owner or person lawfully in possession of the premises were prohibited from seeking the assistance of his agents or employees in instances where predatory wildlife is attacking and attempting to destroy his property. How much more unreasonable the result would be if the owner or person lawfully in possession of the premises was injured and could not defend his property against such predators but would be precluded by law from invoking the assistance of his agents or employees. It is clear that in certain cases [1] the refusal to extend the exemption to agents or employees of an owner or person lawfully in possession of the premises would result in a

---

1. See *Cross v. State*, 370 P.2d 371 (Wyo.1962), 93 A.L.R.2d 1357, 1366 (1964).

denial of the right of an owner or person lawfully in possession of the premises to protect his property.

The jury was concerned about the possibility of an exemption under § 20.1–01–08, N.D.C.C., extending to the facts in the instant case. The jury's note stated the question in terms of whether or not a person who is not the owner or person lawfully in possession of the premises could assist the owner or person lawfully in possession of the premises in hunting raccoons where the parties were related and the owner or person lawfully in possession of the premises had an injured knee which limited his ability to walk. The jury formulated the question without being given any instruction on the definition of the term "person" because the judge did not submit such an instruction. The term "person" is contained in the language of the statute that creates the exemption. The jury must have realized the probability that an owner or person lawfully in possession of the premises might be faced with a situation where he is disabled and unable to defend his property from predatory wildlife without assistance. The trial court committed prejudicial error by not instructing the jury that the exemption contained in § 20.1–01–08, N.D.C.C., extends to persons other than the owner or person lawfully in possession of the premises.

Our analysis of the statutes is supported by § 1–02–39, N.D.C.C., which contains guides to be used in the construction of ambiguous statutes. Two of such guides contained in § 1–02–39 state that the court may consider the object sought to be attained by the statute as well as the consequences of a particular construction of the statute. Unfortunately, the limited legislative history surrounding these statutes precludes analysis of the object sought to be attained by the statutes. However, it is apparent that the legislature was concerned with the problem of unrestricted hunting of wildlife. We are not unmindful of this legitimate concern and we believe that the Attorney General's opinion interpreting the

present § 20.1–01–08, N.D.C.C. [formerly § 20–0105, N.D.R.C.1943], and dated December 6, 1956, accounted for this concern by narrowly formulating the two–part analysis for extension of the statutory exemption to agents or employees.

We believe that the consequences of varying interpretations of the statutes are of great assistance in determining the intention of the legislature in enacting the statutes. We have often held that statutes must be construed to avoid ludicrous and absurd results. *State v. Mees*, 272 N.W.2d 61 (N.D.1978); *State v. Jelliff*, 251 N.W.2d 1 (N.D.1977). For this reason we hold that the owner or person in lawful possession of the premises may call upon his agents or employees to protect his property against predatory animals or birds on his premises which are attacking and attempting to destroy his property.[2]

The second contention raised by Reich concerns the sufficiency of the evidence to support the verdict of the jury. When the sufficiency of the evidence is challenged on appeal, this court must view all the evidence in the light most favorable to the verdict. *State v. Engel*, 289 N.W.2d 204 (N.D.1980). In view of our decision on the first issue, our analysis of the sufficiency of the evidence issue is unnecessary because Reich's conviction is reversed and the case is remanded for a new trial. On remand, our directive to the trial court requires that the jury be given instructions not only on the exemption contained in § 20.1–01–08, N.D.C.C., but also designating the persons to whom the exemption extends as well as an instruction that the unlawful hunting of predatory animals or birds with artificial light under the pretext of protecting property for the owner or person lawfully in possession of the premises is prohibited.

For reasons stated in this opinion, the conviction is reversed and the case is remanded for a new trial.

ERICKSTAD, C. J., and SAND and VANDE WALLE, JJ., concur.

2. Our construction here of § 20.1–01–08 and subsection 5 of § 20.1–01–02, N.D.C.C., does not carry over to subsection 1 of § 20.1–03–04, N.D.C.C., nor does it disturb our holding in *State v. Miller*, 129 N.W.2d 356 (N.D.1964).

PEDERSON, Justice, concurring specially.

Although I agree that there is ambiguity in the statute and that the conviction must be set aside, I believe the majority opinion goes further than is required and opens the door to hunting with artificial lights beyond instances where "a predator is attacking and attempting to destroy" the property, as contemplated by § 20.1–01–08, NDCC.