**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Rudy Richard HEPPER, Defendant and Appellant.**

**Cr. No. 810.**

Supreme Court of North Dakota.

Feb. 24, 1982.

Rodney K. Feldner, Asst. State's Atty., Mandan, for plaintiff and appellee.

Lester J. Schirado, Mandan, for defendant and appellant.

SAND, Justice.

This is an appeal by the defendant, Rudy Richard Hepper, Jr. [Hepper], from a jury verdict of guilty for driving while under the influence of intoxicating liquor.

On 22 April 1981, at approximately 10:20 p. m., Morton County Deputy Joe Ellefson observed Hepper operating a motor vehicle while traveling south of Mandan, North Dakota, on Highway No. 1806. Ellefson testified that he observed Hepper driving at inconsistent speeds ranging from 30 to 60 miles per hour and that he observed the vehicle weaving on the highway so as to cross the centerline twice and hit the shoulder of the highway twice in a span of approximately one and one-half miles. Ellefson directed the vehicle to pull over and, after having approached the vehicle, detected the odor of alcoholic beverages. Ellefson, in order to conduct a field test, asked Hepper to step out of his vehicle and perform some physical tests to determine whether or not he was under the influence of an alcoholic beverage. These tests included the finger-to-nose test, the heel-to-toe test, and a recitation of the alphabet. Ellefson also observed that Hepper's speech was slurred and mushed. After observing Hepper's responses to these tests Ellefson placed Hepper under arrest for driving while under the influence of intoxicating liquor and transferred him to the Morton County jail. At the Morton County jail a breathalyzer test was conducted which established a breathalyzer reading of 0.11 percent of alcohol in Hepper's blood. Hepper was subsequently charged with driving while under the influence of intoxicating liquor in violation of North Dakota Century Code § 39–08–01.[1] He entered a plea of not guilty and requested a jury trial.

Jury selection for this case as well as three other non-related cases was conducted on 21 Sept. 1981, as scheduled. Six jurors and an alternate juror were selected at that time. After the jury was selected, the State and Hepper were notified by letter dated 22 Sept. 1981 that trial was scheduled for 5 Oct. 1981 at 1:00 p. m. The State, prior to trial, submitted requested jury instructions; however, the defendant did not

1. NDCC § 39–08–01(1)(b) provides in part as follows:
   "1. No person shall drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if:
   b. He is under the influence of intoxicating liquor;"

submit requested jury instructions prior to or at the time of trial. The transcript of the trial reflects that the jury trial did not begin until 2:15 p. m. on 5 Oct. 1981 because the defendant was late in arriving at the courthouse. After a jury trial, a verdict of guilty to the charge of driving while under the influence of intoxicating liquor was rendered and entered. Hepper appealed to this Court.

The first issue raised by Hepper is that there was an improper selection of the jury. Hepper does not contend that the jury was improperly drawn; rather, he contends that the time lag between the jury selection and the trial could have led to a probability that members of the jury could have heard something about the case, thereby denying his right to a fair and impartial jury trial.

Initially, we note Hepper did not object to the time lag between the jury selection and the trial either at the time of the initial jury selection or at the time of the trial.

■ It is well settled that one of the guidelines of an effective appeal on any issue or contention is that the issue on appeal was first appropriately raised in the trial court so that the trial court could have ruled upon it. *State v. Helgeson,* 303 N.W.2d 342 (N.D.1981); *State v. McLain,* 301 N.W.2d 616 (N.D.1981); *State v. Moore,* 286 N.W.2d 274 (N.D.1979), *cert. denied* 446 U.S. 943, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980). One of the reasons for this rule is to prevent a defendant from inviting error upon the court in the hope that he would prevail on appellate review of the error. *State v. Helgeson, supra; State v. Moore, supra.*

Although during oral argument to this Court Hepper's counsel stated that he expressed dissatisfaction with the manner of jury selection in the judge's chambers prior to the trial, the record does not disclose that an objection was made to the time lag between the jury selection and the trial.

Furthermore, the transcript of the trial reflects the following statement made by the court to the jurors before the commencement of the trial:

"It has been a couple of weeks since we selected the jury in this matter. Is there anybody on the jury who happened to hear anything about this case between then and today?

"(No response.)

"THE COURT: I presume you understood not to discuss the case. I notice a number of you were on the jury last week. I take it you haven't discussed this case at all."

■ The members of the jury were duly sworn at this time, and we must assume that if any members of the jury had heard anything about the case in the interval they would have responded to the court's question. In absence of contrary evidence, a presumption exists that a jury performed its duties in accordance with the law and were not influenced by other events or evidence. *State v. McLain, supra; State v. Sheldon,* 301 N.W.2d 604 (N.D.1980), *cert. denied* 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 204 (1981).

■ There is no indication, through affidavit or otherwise, that any member of the jury had heard anything about the case during the two-week interval between the time they were chosen for the jury and the time of the trial.

Based on these considerations, we believe Hepper's allegations that he was denied a fair and impartial jury because of the time lag between the jury selection and the trial are groundless.

■ The second issue raised by Hepper relates to jury instructions. In particular, Hepper asserts that the court erred when it did not instruct the jury that the result of the breathalyzer test was a rebuttable or disputable presumption.

In this instance the trial court instructed the jury as follows:

"Upon the trial of a criminal action arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood, at the time

of the act alleged, as shown by an analysis of his breath, is admissible. For this purpose, a person having, at the time, ten-hundredths of one percent or more by weight of alcohol in his blood is presumed to be under the influence of intoxicating liquor." [2]

Hepper's attorney argued that there should have been an instruction to the jury explaining that the presumption was not conclusive but was rebuttable or disputable.

Apparently counsel had in mind the rationale expressed in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), in which the jury instruction, "the law presumes that a person intends the ordinary consequences of his voluntary acts," was held to be in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The *Sandstrom* case also served as a basis for our decision in *State v. Trieb*, 315 N.W.2d 649 (1982). However, in the instant case intent is not involved and, as such, we apply the rationale expressed in *State v. Sheldon*, 301 N.W.2d 604 (N.D. 1980), *cert. denied* 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 204 (1981). Independent of these cases, we also note that North Dakota Century Code § 1–02–02 in substance provides that:

"Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears . . . ."

As pointed out earlier herein, the statute, NDCC § 39–20–07(3), uses the expression "to be presumed." The thought expressed in NDCC § 1–02–02 also applies to jury instructions. Nevertheless, it would be advisable for the court to give an instruction regarding the words "presumption" or "presumed" to the effect that they are rebut-

table presumptions and as such any doubt would be eliminated. However, we conclude the failure to give such instruction did not constitute error in this instance.

During oral argument on appeal we were informed by counsel for both parties that the court provided copies of the instructions to counsel minutes before the trial was scheduled to begin at 1:00 p. m., and that because of the delay in trial until 2:15 p. m. attributable to the defendant's not being present, Hepper's counsel had a chance to examine the instructions. The transcript of the court's recitation of the instructions to the jury occupied approximately seven pages, and these instructions were not lengthy or complex. No exception or objection was taken to any of the instructions nor did Hepper at any time request an instruction relative to the presumption being rebuttable. Neither was there a suggestion for a continuance to allow counsel to examine the instructions.

■ As we previously stated, an effective appeal requires that an issue or question be appropriately raised in the trial court so that the trial court can rule on it. This concept is closely linked with the principle that a defendant or his counsel may not base an appeal upon an error which they recognized but failed to disclose at the time the error was made. *State v. Reaves*, 254 N.W.2d 488 (Iowa 1977); *State v. Berger*, 235 N.W.2d 254 (N.D.1975), *cert. denied* 425 U.S. 913, 96 S.Ct. 1511, 47 L.Ed.2d 764 (1976).

■ Whenever jury instructions are made available in a timely manner, counsel must ordinarily object to instructions at trial in order to assert on appeal that an instruction is erroneous or misleading. *State v. Reich*, 298 N.W.2d 468 (N.D.1980).

**2.** This instruction is in compliance with NDCC § 39–20–07(3), which provides as follows:

"Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor, evidence of the amount of

alcohol in the person's blood at the time of the act alleged as shown by a chemical analysis of his blood, breath, saliva or urine is admissible. For the purposes of this section: 3. A person having, at that time, ten-hundredths of one percent or more by weight of alcohol in his blood shall be presumed to be under the influence of intoxicating liquor."

In this instance we are not implying that there was deception by Hepper or his counsel or that the instructions were erroneous, only that the issue was not appropriately raised at trial.

It is well settled in North Dakota that jury instructions are to be considered as a whole and if, when considered as a whole, the instructions correctly advise the jury as to the law, it is sufficient although part of the instruction standing alone is insufficient or erroneous. *State v. Granrud*, 301 N.W.2d 398 (N.D.1981), *cert. denied* ── U.S. ──, 102 S.Ct. 113, 70 L.Ed.2d 98 (1981); *State v. Reich*, 298 N.W.2d 468 (N.D.1980); *State v. Kroeplin*, 266 N.W.2d 537 (N.D.1978).

The jury was instructed, among other things, on the meaning of the phrase, "under the influence of intoxicating liquor,"[3] that the State had the burden to prove each and every one of the allegations of the complaint beyond a reasonable doubt,[4] and that the defendant is presumed innocent until his guilt is proven beyond a reasonable doubt.[5]

We believe the instructions given by the trial court, as a whole, were not erroneous and correctly and adequately apprised the jury of the law relative to driving while under the influence of intoxicating liquor.

The last issue raised by Hepper was whether or not the jury verdict was contrary to the evidence and the law.

In this instance Hepper did not raise the sufficiency of evidence point at trial and is precluded from raising that point on appeal. *State v. Garvey*, 283 N.W.2d 153 (N.D.1979); *State v. Timm*, 146 N.W.2d 552 (N.D.1966). Notwithstanding that the question was not raised at trial, our review of the evidence reflects that there is substantial evidence to enable the jury, as the trier of fact, to conclude that Hepper was guilty.[6]

Although counsel made a valiant effort on appeal, we nevertheless are constrained to affirm the jury verdict of guilty for driving while under the influence of intoxicating liquor.

ERICKSTAD, C. J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.

---

3. The instruction given is substantially the same as NDJI 1901.

4. The instruction on the burden of proof provided as follows:
   "As I stated before, the burden of proof is upon the State to prove to your satisfaction beyond a reasonable doubt the truth of each and every one of the allegations of this complaint...."

5. The instruction on the presumption of innocence provided as follows:

"The defendant is presumed to be innocent until the contrary, his guilt, is proven to your satisfaction beyond a reasonable doubt. If you have a reasonable doubt as to whether the guilt of the defendant has been so proven, he is entitled to be acquitted."

6. This evidence consists, in part, of the testimony of Ellefson concerning Hepper's performance in the physical tests and the breathalyzer reading as well as the opportunity of the jury to observe the demeanor of Hepper.