**STATE of North Dakota, Plaintiff and Appellee,**

v.

**T.T. PENDERGRAST, Defendant and Appellant.**

Cr. No. 927.

Supreme Court of North Dakota.

Nov. 22, 1983.

Charles J. Gilje, State's Atty., Jamestown, for plaintiff and appellee.

Calvin Hoovestol, Bismarck, for defendant and appellant.

SAND, Justice.

The defendant, Thornton Pendergrast, appealed from a judgment of conviction, based upon a jury verdict finding the defendant guilty of referral and chain referral selling in violation of North Dakota Century Code § 51–16–01(2), a class C felony.

On appeal, the defendant contended his conviction should be reversed because the State put him in jeopardy twice for the same offense in violation of the United States Constitution, Fifth and Fourteenth Amendments, and North Dakota Constitution Article I, § 12, and because the trial judge failed to rule in limine on the issue of the admissibility of Pendergrast's guilty plea in Dickey County, which put a chill on defendant's right to present evidence of entrapment.

The State, in the information dated 27 August 1982, charged the defendant with referral and chain selling in violation of NDCC § 51–16–01 and 51–16–02, on or about the 17th day of March 1982, at Fullerton, Dickey County, North Dakota, as follows:

"That said Defendant did then and there on March 17, 1982, at Fullerton, Dickey County, ND, induce Fred Schaal to pay said Pendergrast $1,000 because he told Schaal if Schaal paid the $1,000 that if Schaal got others to invest $1,000 each and those others in turn got others behind them to invest $1,000 each that Schaal would wind up receiving $51,000 for his $1,000 payment to said Pendergrast. That said statements by said Pendergrast were a fraud and in violation of Section 51–16–01."

The State and the defendant entered into a plea agreement that was accepted by the court which deferred imposition of sentence under certain conditions, including restitution and payment of costs and attorney's fees involved. This case was disposed of in Dickey County.

Subsequent thereto, on 20 September 1982, the State filed a criminal information against Pendergrast charging him with violation of NDCC § 51–16–01(2) for referral and chain referral selling which took place on the 3rd day of May, 1982, in Stutsman County. The criminal information charged the defendant engaged in a plan or a scheme whereby a purchaser-lessee gives or agrees to give valuable consideration:

"For the chance to receive something of value for inducing one or more other persons to also give a valuable consideration in order to participate in the plan or scheme; or

"For the change [chance] to secure something of value when the person induced by the purchaser or lessee induces still another person to give such valuable consideration, more particularly, the defendant did operate or attempt to operate a

pyramid sales promotion at said time and place to induce one or more persons to participate in said scheme."

This case resulted in a trial. The judge presiding at this trial was the same judge who deferred imposition of sentence in the Dickey County case.

The defendant, on appeal, contended that because the trial court did not rule on the admissibility of the defendant's plea of guilty, his opportunity to present evidence on entrapment was chilled. We do not agree.

The defendant, in limine, asked the court to rule if the defendant's guilty plea entered in Dickey County would be admissible for purposes of impeachment should the defendant elect to take the stand. The judge first declined to rule on the issue without having the benefit of the evidence which would be considered at the trial. The trial judge initially stated that he would rule when the question arose at the trial. Nevertheless, the trial court concluded by saying:

"Well, I think in view of the confusion I am not going to—I will rule that I am not going to allow that testimony. Okay."

■ The trial court's reference to "confusion" apparently related to the question whether or not the Dickey County charge and offense constituted a misdemeanor or a felony. Even if confusion may have existed on other matters, the foregoing statement clearly established that the court was not going to allow any testimony to be introduced regarding the plea of guilty by the defendant on the Dickey County case. The court, in effect, ruled in favor of the defendant's request. The defendant's contention is without merit.

This brings us to the next issue.

■ The defendant did not raise or present the issue of double jeopardy to the trial court. Generally, an issue cannot be presented or raised for the first time on appeal. *Williams v. Oklahoma,* 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); *State v. Hepper,* 316 N.W.2d 338 (N.D.1982). However, certain matters, such as a jurisdictional or basic constitutional question, may be raised for the first time on appeal by the Court sua sponte. Even if it had been raised, under the facts of this case the issue still would be without merit.

■ The doctrine of double jeopardy has been expressed in numerous ways by different authorities. In simple, direct language the doctrine provides that a person may not be tried a second time for the same offense. 22 C.J.S. *Criminal Law,* § 238, p. 615. The test is the identical offense. 22 C.J.S. *Criminal Law,* § 278(1), p. 717. A distinct repetition of a prohibited act constitutes a separate offense. 21 Am.Jur.2d *Criminal Law* § 267, p. 469. Ordinarily, two offenses are the same for double jeopardy purposes unless each requires proof of an additional fact that the other does not. 22 Am.Jur.2d *Criminal Law,* § 266, p. 466. If the evidence in support of the original charge is absolutely essential to the conviction of the second charge, then the offenses are the same and double jeopardy applies. 22 Am.Jur.2d *Criminal Law* § 266, p. 467.

■ While the two offenses, one in Dickey County and one in Stutsman County, both violated NDCC § 51–16–01(2), they were committed at different times and places and are separate offenses. The evidence to establish the violation in one case (Dickey County) will not be adequate to establish the violation in the other instance (Stutsman County).

The provisions of Rule 31(e)(2), North Dakota Rules of Criminal Procedure, contemplate presenting the evidence supporting double jeopardy to the trial court and, in some instances, the jury is requested to make a declaration on this in its verdict if it is a fact question. This supports the proposition that the issue of double jeopardy should be presented to the trial court in the first instance. However, the contention of the defendant that he was subjected to double jeopardy is without merit, and, accordingly, the conviction is affirmed.

ERICKSTAD, C.J., VANDE WALLE and PEDERSON, JJ., and JAMES H. O'KEEFE,* District Judge, concur.

\* O'KEEFE, District Judge, sitting in place of PAULSON, Surrogate Justice, disqualified.