16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Michael A. LANGE, Appellant,
v.
M.K. Heidi HEITKAMP, The Attorney General of the State of
North Dakota; Tim Schuetzle, Warden of the North
Dakota State Penitentiary, Appellees.
 No. 93-2439ND.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 30, 1993.
Filed: January 10, 1994.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael A. Lange was tried in Mercer County, North Dakota, for gross sexual imposition occurring in Mercer County. The State presented evidence that Lange abducted a woman from outside a bar in Mercer County, drove her to a remote area, and raped her twice. The State also presented evidence that several hours later Lange drove the woman to Oliver County, North Dakota, and raped her again. Lange's defense at trial was that the woman consented to sex. Three weeks after the Mercer County jury acquitted Lange, he was tried in Oliver County for gross sexual imposition occurring in Oliver County. After the State presented the same evidence offered in the Mercer County trial and Lange again claimed consent, the Oliver County jury found Lange guilty. The North Dakota Supreme Court affirmed. See State v. Lange, 497 N.W.2d 83, 88 (N.D. 1993). Lange then filed a 28 U.S.C. Sec. 2254 (1988) application challenging his confinement on double jeopardy grounds. The district court denied relief. Lange appeals and we affirm.
 
 
 2
 Lange contends the Oliver County trial violated his constitutional right not be prosecuted twice for the same offense. See U.S. Const. amend. V; United States v. Dixon, 113 S. Ct. 2849, 2855 (1993). We disagree with Lange that the alleged Mercer County rapes and the Oliver County rape are the same offense. Although Lange was charged under the same statute, he was prosecuted in each county for separate offenses committed at different times and at different places. See State v. Pendergrast, 340 N.W.2d 454, 456 (N.D. 1983). As for the State's presentation to the Oliver County jury of evidence of Lange's conduct in Mercer County, "a mere overlap in proof between [the] two prosecutions does not establish a double jeopardy violation." United States v. Felix, 112 S. Ct. 1377, 1382 (1992).
 
 
 3
 Lange also contends that because the Mercer County jury found the woman had consented, litigation of this issue in Oliver County violated the collateral estoppel prong of the Double Jeopardy Clause. See Ashe v. Swenson, 397 U.S. 436, 442-45 (1970). The Mercer County jury, however, was limited to deciding whether the woman had consented to sex in Mercer County. Thus, whether the woman had consented to sex in Oliver County was not "an issue of ultimate fact ... determined by a valid and final judgment" of the Mercer County jury, id. at 443, and collateral estoppel does not apply. See Douthit v. Estelle, 540 F.2d 800, 805-06 (5th Cir. 1976) (collateral estoppel does not prevent separate prosecutions for a series of rapes in three counties over several hours because consent issues are not identical).
 
 
 4
 We decline to consider Lange's argument that the trial court committed error when it did not allow him to cross-examine the complaining witness about her California counselling records because Lange failed to raise this issue in the district court. See Kennedy v. Delo, 959 F.2d 112, 117 (8th Cir.), cert. denied, 113 S. Ct. 168 (1992). Finally, we grant Lange's motion to supplement the record on appeal, but find the issues raised in it are meritless.
 
 
 5
 Accordingly, we affirm.