**CITY OF FARGO, Plaintiff and Appellee,**

v.

**Martin Sewall HECTOR, Defendant and Appellant.**

Cr. No. 940325.

Supreme Court of North Dakota.

July 27, 1995.

Brian W. Nelson, Fargo, for defendant and appellant.

Steven E. Noack, Asst. City Atty., Fargo, for plaintiff and appellee.

SANDSTROM, Justice.

We are asked to decide whether a charge of exhibition driving and a later charge of driving under the influence places a defendant in double jeopardy. We hold the noncriminal exhibition driving charge and the criminal driving under the influence charge do not violate the Double Jeopardy Clause.

I

On March 21, 1994, Fargo police officers saw two men walking in downtown Fargo. One man helped the other to a nearby car. As the car pulled out into the street, the tires squealed. The officers pursued the car, which stopped a short time later in the traffic lane.

Two officers approached the car, one on each side. One officer talked with the driver, Martin Hector, while the other looked after the passenger who was "passed out." The officer noticed Hector had bloodshot eyes, slurred speech, and smelled of alcohol. Hector told the officer he had been drinking. The officer then asked Hector to perform field sobriety tests. Based on the tests, the officer arrested Hector.

The officers charged Hector with exhibition driving, driving under the influence, driving under suspension, and driving without insurance. Hector initially refused a breath test, but agreed after consulting an attorney. The officer refused to give anything but a blood-alcohol test because Hector spent unsupervised time alone with his attorney. Hector refused the blood-alcohol test.

Hector requested the charges be transferred from municipal court to county court. The driving under the influence charge was transferred to county court. The noncriminal exhibition driving offense was not transferred. Hector pled guilty to the driving under suspension charge. The driving without insurance charge was dropped. The municipal court found Hector guilty of exhibition driving.

At the trial on the driving under the influence charge, Hector argued the City was using his exhibition driving offense to prove he was driving under the influence. At the close of trial, Hector proposed a special double-jeopardy verdict form based on Rule 31(e)(2), N.D.R.Crim.P. The court refused the verdict form. The jury returned a guilty verdict.

Hector moved for a new trial based on the trial court's denial of the Rule 31(e)(2) special verdict form and failure to instruct the jury on double jeopardy. The trial court denied the motion.

The trial court had jurisdiction under N.D.C.C. § 27-07.1-17(3). This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 29-28-06(4). The appeal was timely under Rule 4(b)(1), N.D.R.App.P.

II

Hector moved for a new trial based on the trial court's failure to instruct the jury, and submit a requested special verdict form, on double jeopardy. Hector appeals from the trial court's order denying his motion for new trial.

"A defendant challenging denial of a new trial on appeal bears a heavy burden. The decision to grant or deny a new trial is committed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. A trial court abuses its discretion when it acts in an arbitrary, unreasonable or unconscionable manner. A trial court acts in an arbitrary, unreasonable or unconscionable manner when its exercise of discretion is not the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination, or, as alternatively stated, when it misinterprets or misapplies the law."

State v. Daulton, 518 N.W.2d 719, 724 (N.D. 1994).

Hector moved for a new trial based only on the jury instruction and special verdict form. He is limited to those grounds, and we do not decide issues raised for the first time on appeal. State v. Jordheim, 508 N.W.2d 878, 880 (N.D.1993).

## III

### A

Hector claims the trial court's failure to instruct the jury on double jeopardy was an abuse of discretion. Hector did not submit a written jury instruction and there is no proposed instruction in the record.

■ Counsel has a duty to draft a specific instruction and submit it to the trial judge. *State v. Olson*, 356 N.W.2d 110, 114 (N.D.1984). Counsel must submit written instructions and may not shift the duty of drafting a specific instruction to the trial court. *Olson*; Rule 30, N.D.R.Crim.P. Hector failed to draft or submit an instruction. The trial court did not have a duty to draft the instruction for Hector.

■ Even if a double-jeopardy instruction would have been otherwise appropriate, the trial court did not abuse its discretion by not giving such an instruction when the defendant did not submit one.

### B

Hector argues the trial court abused its discretion by refusing to submit the special verdict form to the jury. The record refers to the form, but the special verdict form itself is not a part of the record.

Hector based the form on Rule 31(e)(2), N.D.R.Crim.P.

> "Whenever the defendant interposes the defense that he has been formerly convicted or acquitted of the same offense or an offense necessarily included therein, or once in jeopardy, and evidence thereof is given at the trial, the jury, if it so finds, shall declare that fact in its verdict."

Rule 31(e)(2), N.D.R.Crim.P. The explanatory note following Rule 31 says subdivision (e) differs from its federal counterpart. The subdivision was added to aid the court in deciding factual issues. "A determination of factual issues in the specific instances provided in this subdivision is deemed to be within the province of the jury. Because it is the court that determines the issue of law, the scope of the jury is not exceeded." Rule 31, N.D.R.Crim.P. Explanatory Note. The rule allows evidence to be presented to the trial court on double jeopardy and, "in some instances, the jury is requested to make a declaration on this in its verdict if it is a fact question." *State v. Pendergrast*, 340 N.W.2d 454, 457 (N.D.1983). The rule requires the trial court to submit a special verdict form only if it is a fact question.

The trial court ruled, as a matter of law, double jeopardy does not apply here. We, therefore, review the legal merits of Hector's double-jeopardy claim. *See Pendergrast.*

### C

■ Hector argues he was subjected to double jeopardy because the exhibition driving violation was used to establish an element of the driving under the influence conviction. Hector bases his argument on Amend. V, U.S. Const., Art. I, § 12, N.D. Const., and N.D.C.C. § 29–01–07.

■ The framers of our state constitution and the legislature in enacting the statute did not intend an interpretation different than the Double Jeopardy Clause of the United States Constitution. *State v. Allesi*, 216 N.W.2d 805, 817–18 (N.D.1974); *State v. Klose*, 334 N.W.2d 647, 650 n. 2 (N.D.1983). We apply the clause and statute in the same manner as the United States Supreme Court applies the federal constitution. *See Allesi* at 818.

The United States Supreme Court recently revised its interpretation of the Double Jeopardy Clause in *United States v. Dixon*, 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In *Dixon*, the Supreme Court reiterated its approval of the "same elements" or "*Blockburger*" test. The test, in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Dixon*, 509 U.S. at ——, 113 S.Ct. at 2856, 125 L.Ed.2d at 568 (quoting Amend. V, U.S. Const.).

In *Dixon*, the United States Supreme Court then addressed the second prong of the double-jeopardy analysis added by *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109

L.Ed.2d 548 (1990). The *Grady* test provides "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted, a second prosecution may not be had." *Dixon*, 509 U.S. at ——, 113 S.Ct. at 2856, 125 L.Ed.2d at 568. After reviewing precedent on double jeopardy and noting the difficulty lower courts were having applying the *Grady* test, the Supreme Court overruled *Grady*. *Dixon*, 509 U.S. at ——, 113 S.Ct. at 2864, 125 L.Ed.2d at 578.

This Court has applied the *Grady* test, guided by the Supreme Court's interpretation of the Double Jeopardy Clause. *See, e.g., State v. Robideaux*, 493 N.W.2d 210 (N.D.1992); *Sampson v. State*, 478 N.W.2d 566 (N.D.1991). This Court has also recognized the unsettled nature of *Grady*. *See Robideaux* at 212–13. Because *Grady* was overruled, we overrule those cases in which this Court relied on *Grady* analysis: *Robideaux; Sampson.* We apply the *Blockburger* test to this case.[1]

Hector violated Fargo Municipal Code 8–0317, exhibition driving.

" 'Exhibition driving' means driving a vehicle in such a manner that it creates or causes unnecessary engine noise, tire squeal, skid or slide upon acceleration, braking or stopping; or that causes the vehicle to unnecessarily turn abruptly or sway; or driving and executing or attempting one or a series of unnecessarily abrupt turns."

Fargo Mun.Code 8–0317(B)(2).

The trial court convicted Hector of driving under the influence, Fargo Municipal Code 8–0310:

"No person shall drive, or be in actual physical control of, any vehicle upon any street, highway, public or private parking lot, or other public or private property in this city if said person is under the influence of intoxicating liquor or controlled substances. Being under the influence of intoxicating liquor or controlled substances shall be as defined by Chapter 39–08 of the North Dakota Century Code including any amendments hereafter adopted. All other relevant and applicable statutes of the state of North Dakota relating to driving under the influence of intoxicating liquor or controlled substances are also incorporated herein by reference and made a part hereof."

Each offense contains an element not contained in the other. The exhibition driving offense requires engine noise, tire squeal, sliding, or unnecessarily abrupt turns which the driving under the influence charge does not. The driving under the influence offense requires the defendant to be under the influence of intoxicating liquor or controlled substances which the exhibition driving offense does not. The elements of exhibition driving and driving under the influence are different and do not subject a defendant to double punishment.

Hector's claim is a "same evidence" argument. Hector argues some of the evidence used to prosecute him for exhibition driving is used to convict him for driving under the influence. He contends the City used evidence of his erratic driving to establish he was under the influence. The United States Supreme Court, in *Grady*, 495 U.S. at 512, 110 S.Ct. at 2093, 109 L.Ed.2d at 565, addressed and expressly rejected a same evidence test.

"We recognize that [the defendant] was charged with several offenses that occurred during one series of events, so that some of the same evidence would be used in proving each separate offense. But neither a common episode nor the same evidence determines double jeopardy. A 'same evidence' test was expressly disclaimed in *Grady.*"

*Sampson* at 569. The same evidence may be used to prove separate offenses.[2]

---

1. Contrary to the suggestion of the concurrence, this opinion does not bury *Grady;* the United States Supreme Court buried it. *Dixon.* We simply acknowledge its tombstone.

2. The analysis of the concurring opinion ignores the fact that the driving under the influence charge and the exhibition driving charge are not multiple punishments for the same offense—the

We conclude Hector was not subjected to double jeopardy. He was not punished twice for the same offense. The trial court did not abuse its discretion when it ruled, as a matter of law, double jeopardy was not an issue for the jury.

### IV

The trial court's order denying Hector's motion for a new trial is affirmed.

VANDE WALLE, C.J., and NEUMANN, J., concur.

MESCHKE, Justice, concurring.

While I agree with much of the majority opinion, I believe it's attempted burial of *Grady's* "same conduct" doctrine makes only a shallow grave. In my view, this attempted burial will haunt us yet because the same course of traffic conduct will often result in multiple criminal prosecutions, like the drunk driver who kills someone. Therefore, I would prefer to put today's result in more familiar terrain.

A criminal penalty after a civil assessment for the same conduct does not create double jeopardy. Here, the exhibition driving was a "non-criminal" violation of traffic regulations that incurred a fee of sixty dollars under Fargo Municipal Code § 1–0305(c)(4). The related statute directs:

> The state or the city, as the case may be, must prove the commission of a charged [traffic] violation at the hearing or appeal under this section by a fair preponderance of the evidence. Upon an appeal under subsection 5, the court and parties shall follow, to the extent applicable, the North Dakota Rules of Civil Procedure.

NDCC 39–06.1–03(6) (part). Since Hector's assessment for exhibition driving came in a civil case, not a criminal one, neither of the Double Jeopardy Clauses were implicated in the later criminal prosecution for drunk driving. *State v. Sinner,* 207 N.W.2d 495, 500–01 (N.D.1973) (usual guarantees against double jeopardy did not apply to criminal prosecution for driving while license suspended after traffic violations); *State v. Mertz,* 514 N.W.2d 662, 667 (N.D.1994) ("Because Mertz received remedial sanctions for civil contempt of court, the double jeopardy clause does not bar this criminal prosecution for abandonment or nonsupport of a child based on the same conduct."). This familiar distinction between civil and criminal cases controls this case.

Nor does this prosecution present the unusual situation where a civil penalty for the "same conduct" is so "overwhelmingly disproportionate" to the "damage caused" as to violate the Double Jeopardy Clauses. *United States v. Halper,* 490 U.S. 435, 449, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989). Therefore, I concur that Hector was not punished more than once for the same offense.

LEVINE, J., concurs.

---

former punishes driving while under the influence, and the latter, exhibition driving.

For the civil-criminal analysis, the first step is to determine if the same offense is being dealt with both civilly and criminally. Here, it is not the same offense. In *Halper,* the United States Supreme Court faced a narrow issue: "The multiple-punishment issue before us is narrowly framed by the common understandings of the parties to this case." *United States v. Halper,* 490 U.S. 435, 441, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 497 (1989). The parties did not dispute the civil proceeding and the prior criminal proceeding concerned the same misconduct. *Halper,* 490 U.S. at 441, 109 S.Ct. at 1898, 104 L.Ed.2d at 497 ("Indeed, as has been noted, the District Court found Halper liable strictly on the basis of the facts established in the criminal proceeding."). The Supreme Court then proceeded to address whether a civil and criminal penalty could be constitutionally imposed on the defendant for the same misconduct.