John E. BACHMEIER, and Mildred Bachmeier, the Surviving Father and Mother of Steven Michael Bachmeier, Decedent, and the Estate of Steven Michael Bachmeier, Deceased, Plaintiffs and Appellants,

v.

WALLWORK TRUCK CENTERS, Defendant,

and

Kenworth Truck Company, a Division of Paccar, Inc., Defendant and Appellee.

Civil No. 950181.

Supreme Court of North Dakota.

Feb. 29, 1996.

Michael Ward of Eaton, Van de Streek & Ward, Minot, for plaintiffs and appellants.

Christine A. Hogan of Zuger, Kirmis & Smith, Bismarck, for defendant and appellee.

SANDSTROM, Justice.

Steven Bachmeier was killed when the semi-truck in which he was a passenger crashed as a result of a failing hub. The hub at issue was destroyed subsequent to a settlement in a previous wrongful death action. Steven's parents, the Bachmeiers, then brought this action against the manufacturers, collectively referred to as PACCAR. The district court granted PACCAR summary judgment, holding PACCAR's defense was prejudiced by the lack of the hub in question. Bachmeier appeals from the summary judgment.

We affirm.

I

We summarized these facts the first time we reviewed this matter on appeal. *Ba-*

*chmeier v. Wallwork Truck Centers*, 507 N.W.2d 527 (N.D.1993) (*Bachmeier 1* ).

The Bachmeiers brought this action, claiming strict product liability, negligence, and breach of warranty against PACCAR after their son, Steven M. Bachmeier, died in an accident while riding as a passenger in a 1979 Kenworth truck manufactured by PACCAR. On October 22, 1985, while traveling down the Ohio Turnpike, the right front hub of the truck broke, and the truck left the roadway and overturned, resulting in injuries to Steven which caused his death. The likely cause of the accident was the failure of the truck's right front hub.

Prior to bringing this action against PACCAR, the Bachmeiers brought a wrongful death action against the owner of the truck. The owner's insurer, Great West Casualty Company, hired a metallurgical engineer, Dr. Carl Loper, to examine the hub. The wrongful death action against the owner of the truck was settled out of court. On August 14, 1986, in exchange for $60,000.00, the Bachmeiers signed a release of the claim against the owner of the truck. One day later, on August 15, 1986, Great West wrote to Loper, telling him the case had settled and he could dispose of the parts in his possession. Loper then disposed of the hub.

This suit against PACCAR began on October 15, 1987. The products liability claim is based upon an alleged design defect. The Bachmeiers retained an engineering and design expert, G.A. Tomlinson, and also retained Loper as a consultant. PACCAR's defenses to this suit include the contention the hub was not maintained or lubricated appropriately, which caused the hub to fracture. PACCAR contends the hub did not suffer from a faulty design.

On February 18, 1992, PACCAR moved for summary judgment of dismissal. The motion was based on two legal grounds. First, PACCAR argued that without the destroyed hub, the Bachmeiers were unable to prove the defect theory of the claim. Second, PACCAR argued that the Bachmeiers' failure to preserve the hub resulted in unreasonable prejudice to PACCAR due to the lack of opportunity for PACCAR to examine

the hub and establish and prove its theory of defense.

On January 15, 1993, on its own motion, the district court granted PACCAR's motion for summary judgment. The district court's rationale was that without the hub, PACCAR would be deprived of the defense of lack of lubrication. On appeal, we held that in sanctioning the Bachmeiers for the loss of the hub, the district court could not grant the summary judgment motion without expert testimony in the record that the actual hub was needed for PACCAR to establish its defense. PACCAR's counsel's assertions complaining of prejudice were not enough. We remanded the matter to the district court for reconsideration.

Upon remand, PACCAR submitted the affidavit of David L. Degenstein, an employee of the company that manufactures the trucks in question. The Degenstein affidavit contains explicit reasons why the defense cannot determine the cause of the hub's failure, which may have been a lack of lubrication, without examining the actual hub. The Bachmeiers submitted their own expert affidavit. The Bachmeiers' expert, Tomlinson, describes in his affidavit why the actual hub is not needed to determine the cause of the hub's failure in this case. That affidavit was not received by the district court until three days after oral argument on the issue.

On May 8, 1995, the district court issued a memorandum opinion granting PACCAR's motion for summary judgment. In that opinion, the district court noted our requirements that it should consider three factors in sanctioning a party: "(1) the significance of the detriment to PACCAR, (2) the culpability of Bachmeier, and (3) the appropriateness of lesser sanctions." The district court added sanctions short of dismissal "would serve little purpose" because although the Bachmeiers are willing to stipulate that there was a failure to lubricate, the defendants are still prejudiced by not being able to prove causation. The district court also noted that PACCAR's claimed prejudice was supported by a detailed factual affidavit, while the Bachmeiers' claim that PACCAR was not prejudiced by the lack of the hub was supported by an affidavit lacking in factual basis, which was

submitted three days late. The district court added:

> "PACCAR had no reason to anticipate a cause of action based upon design defect. The Plaintiffs did. PACCAR would be substantially prejudiced unless it had available the missing hub for inspection and analysis. The plaintiffs—not the defendants, must bear responsibility for absence of the hub. The Defendant had no opportunity to protect itself. Plaintiffs did.
>
> "The Plaintiffs are precluded from tendering evidence in support of its design defect theory which is tantamount to dismissal of their claim."

The Bachmeiers appeal from the judgment granting PACCAR's motion for summary judgment.

The district court had jurisdiction under N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

■ "Sanctions may be appropriate when evidence relevant to the lawsuit is destroyed." *Bachmeier v. Wallwork Truck Centers,* 507 N.W.2d 527, 532 (N.D.1993). The district court has the authority to sanction a party when key evidence is missing, "even where the party has not violated a court order and even when there has been no finding of bad faith." *Patton v. Newmar Corporation,* 538 N.W.2d 116, 118 (Minn. 1995).

As we noted in the previous appeal in this case, the summary judgment at issue in this matter is neither a Rule 37 nor a Rule 56 sanction. We characterized the summary judgment at issue in this case as "the exercise of [the district court's] inherent power to sanction." *Bachmeier 1.*

■ In sanctioning a party, the district court should at least consider "the culpability, or state of mind, of the party against whom sanctions are being imposed; a finding of prejudice against the moving party, and the degree of this prejudice, including the impact it has on presenting or defending the

case; and, the availability of less severe alternative sanctions." *Bachmeier 1* at 534 (footnote omitted). We specifically noted the district court's duty to impose the least restrictive sanction available under the circumstances in the exercise of its inherent power. *Bachmeier 1* at 533 (citing *Vorachek v. Citizens State Bank of Lankin,* 421 N.W.2d 45, 50–51 (N.D.1988)).

■ Sanctions based on this inherent power will be overturned on appeal only upon a showing of abuse of discretion. *Bachmeier 1.* A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *City of Fargo v. Hector,* 534 N.W.2d 821, 822 (N.D.1995) (quoting *State v. Daulton,* 518 N.W.2d 719, 724 (N.D. 1994)). A district court acts in such a manner when its "exercise of discretion is not the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination, or, as alternatively stated, when it misinterprets or misapplies the law." *Hector.*

■ The appellant who is contesting the district court's choice of a sanction has the burden of showing the abuse of discretion, and that burden "is met only when it is clear that no reasonable person would agree [with] the trial court's assessment of what sanctions are appropriate." *Patton v. Newmar Corporation,* 538 N.W.2d 116, 119 (Minn.1995) (quoting *Marrocco v. General Motors Corp.,* 966 F.2d 220, 223 (7th Cir.1992)).

### III

■ The first factor we asked the district court to consider was "the culpability, or state of mind, of the party against whom sanctions are being imposed." *Bachmeier 1* at 534. There is no evidence the destruction of the hub in this matter was malicious. The parties to the action, however, are not equally blameless. Testimony indicates the Bachmeiers had every intention of bringing a subsequent lawsuit at the time they negotiated and signed the release concerning the wrongful death action. On January 9, 1992, Mrs. Bachmeier testified at a deposition:

"Q. Okay. At the time that settlement was negotiated, you and your husband were asked to sign a release. Do you know what I'm talking about?

"A. Yes.

"Q. And in that release, you reserved claims against other people or other parties; correct?

"A. Yes.

"Q. And that was the intent, and the settlement was just to settle with the people that were paying the settlement.

"A. Yes.

"Q. And the reason you did that, were you and your husband thinking about bringing another lawsuit?

"A. Yes.

"Q. And the other lawsuit that you and your husband were thinking about bringing, was that the lawsuit that we're presently involved in against the people who manufactured and sold the truck?

"A. Yes."

The Bachmeiers had an opportunity to save the critical evidence; PACCAR did not. *Bachmeier 1* at 535 (Levine, J., concurring). The Bachmeiers, the plaintiffs in this action, must bear the responsibility for the loss of the hub.

### IV

The second factor we asked the district court to consider on remand is the "prejudice against the moving party, and the degree of this prejudice." *Bachmeier 1* at 534.

The district court imposed a sanction on the Bachmeiers because of the prejudice to PACCAR's defense caused by the absence of the hub. *See Bachmeier 1* at 533. In remanding *Bachmeier 1,* we directed the district court to review expert testimony concerning PACCAR's claimed prejudice, rather than rely on the assertions of counsel. We indicated the assertions of counsel as to PACCAR's claimed prejudice, absent expert testimony in the record asserting such prejudice, are not adequate because this is not a case "where unavailability of the hub, in and of itself, is adequate proof of prejudice." *Bachmeier 1* at 535.

On remand, PACCAR entered Degenstein's affidavit in support of its claimed prejudice. The Degenstein affidavit documents several reasons why the missing hub prejudices PACCAR's defense that the hub failed due to a lack of lubrication.

The Bachmeiers entered their own expert's affidavit, explaining why the hub was not needed to determine the cause of the accident, although this affidavit was received three days after the hearing on the matter.

The district court stated that PACCAR's affidavit contained explicit factual reasons why the hub must be physically inspected in order to determine the cause of the failure. The district court discounted the Bachmeiers' tardy affidavit for not rebutting the reasons contained in PACCAR's affidavit with explicit factual reasoning of their own.

■ The determination of whether or not to admit expert testimony rests within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *Victory Park Apartments, Inc. v. Axelson*, 367 N.W.2d 155, 163 (N.D. 1985). Our review of such expert opinion evidence is limited. We do not re-weigh evidence on appeal. *Halseth v. North Dakota Workers Compensation Bureau*, 514 N.W.2d 371, 374 (N.D.1994).

### A

The Bachmeiers contend Degenstein's expertise was not established. Even if it had been established, the Bachmeiers contend they should have had an opportunity to contest Degenstein's expertise at some sort of hearing.

■ However, as the Bachmeiers' attorney indicated in oral argument, he did not clearly raise this argument in the district court. Issues not properly presented to the district court cannot be advanced on appeal. *Beavers v. Walters*, 537 N.W.2d 647, 652 (N.D.1995). As we have said on many occasions, we decline to review such improperly raised issues.

### B

The Bachmeiers contend even if Degenstein was appropriately established as an expert, the prejudice claimed by PACCAR in the Degenstein affidavit is not a result of the Bachmeiers' failure to preserve the hub. Specifically, the Bachmeiers argue Loper was not employed by the Bachmeiers at the time he examined and destroyed the evidence, and therefore, they shouldn't be held accountable. The Bachmeiers also contend the tests PACCAR claims it cannot run relate to issues the Bachmeiers are willing to concede, or "common sense" tells us wouldn't produce the results PACCAR thinks they might.

The Bachmeiers do not cite any statute or case law supporting their assertion that the above arguments, if accepted by this Court, would demonstrate an abuse of discretion by the district court, requiring a reversal.

■ Summary judgment may be appropriate as a sanction in situations of spoliation of evidence, or where the plaintiff has failed to provide key evidence in the action. *See Patton v. Newmar Corporation*, 538 N.W.2d 116, 118 (Minn.1995) (affirming summary judgment after the product at issue, a motor home, was destroyed); *see also Fire Ins. Exchange v. Zenith Radio Corp.*, 103 Nev. 648, 747 P.2d 911 (1987) (upholding summary judgment, as a discovery sanction, of an insurance company's subrogation claim because the TV which the insurance company's expert examined and determined to be the cause of a fire in a home was destroyed); *Stubli v. Big D Intern. Trucks, Inc.*, 107 Nev. 309, 810 P.2d 785 (1991) (upholding summary judgment, as a discovery sanction, of a personal injury claim because key pieces of an allegedly faulty trailer had been destroyed).

### V

The final factor we asked the district court to review on remand was "the availability of less severe alternative sanctions." *Bachmeier 1.*

The district court focused on the causation of the hub's failure, stating, "Consideration of measured sanctions short of dismissal would serve little purpose." The district court not-

ed Bachmeiers' stipulation that there was a failure to lubricate "concede[s] little." The district court found that without the hub, PACCAR's ability to "demonstrate causation is significantly impaired." The district court stated that the "significant impairment" resulted from the difficulty in determining "whether the hub failure was due to lack of lubrication and a subsequent freeze-up, or to other causes" as detailed in PACCAR's expert's affidavit. "Such an examination would require both a visual and a microscopic examination of the hub and wheel."

The Bachmeiers, who carry the burden in this matter, have not made it "clear" to us that "no reasonable person would agree [with] the trial court's assessment of what sanctions are appropriate." *Patton v. Newmar Corporation*, 538 N.W.2d 116, 119 (Minn.1995).

## VI

The district court did not abuse its discretion in precluding the plaintiffs from presenting evidence. The district court then appropriately granted the defendant's motion for summary judgment.

We have considered the other arguments of the parties and find them to be without merit.

The judgment of the district court is affirmed.

VANDE WALLE, C.J., and NEUMANN, LEVINE, MESCHKE, JJ., concur.