**STATE of North Dakota, Plaintiff and Appellee,**

v.

**D. Kevin WHITE, Defendant and Appellant.**

**Crim. No. 1139.**

Supreme Court of North Dakota.

June 26, 1986.

Richard J. Riha, Asst. State's Atty., Bismarck, for plaintiff and appellee.

Robert J. Snyder, of Bickle, Coles & Snyder, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

D. Kevin White appealed from a judgment of conviction entered by the district court pursuant to a jury verdict finding him guilty of manslaughter in the death of Monte Meyers. We affirm.

Kevin testified that on February 11, 1985, he and his brother, co-defendant Richard White, met Meyers at a bar in Bismarck where they consumed a number of drinks. Thereafter, the three went to the apartment of Richard's girlfriend. Kevin and Richard had an argument that escalated into a fight in which Meyers participated on behalf of Richard. Kevin testified that when Meyers began beating him with a chair, he swung out with a knife that had been lying on the kitchen floor.

The police were called to investigate the disturbance, and the investigating officers testified that the condition of the apartment indicated that a "major league" fight had taken place. One officer testified that both Kevin and Richard appeared to have been involved in the fight. The police discovered Meyers lying in the bedroom with a stab wound in the chest from which he subsequently died. It is undisputed that Kevin inflicted the stab wound which killed Meyers.

Kevin was indicted for manslaughter, Richard for reckless endangerment, and they were tried together. The jury returned a verdict finding Kevin guilty of manslaughter and Richard guilty of reckless endangerment. The trial court sentenced Kevin to six years in the penitentiary, and he appealed.

Kevin states the following issue on appeal:

"Is it reversible error for a trial court to refuse to instruct a jury on the essential elements of an offense, when such elements have been set forth in a decision by the highest court in the jurisdiction?"

Kevin asserts that the trial court erred in refusing to instruct the jury on the relationship between manslaughter, negligent homicide, and self-defense in accordance with *State v. Leidholm*, 334 N.W.2d 811, 821 (N.D.1983), in which we stated:

"The difference between self-defense and manslaughter is the reasonableness of the accused's belief that the use of force is necessary to prevent imminent unlawful harm. If the accused's belief is reasonable, he will be found to have acted in self-defense. If unreasonable, he is guilty of either manslaughter or negligent homicide, depending upon whether his belief was held recklessly or negligently, respectively...."

The trial court instructed the jury on manslaughter, negligent homicide, and self-defense, and on the definitions of the terms recklessly and negligently. However, the trial court refused to give the following instruction requested by Kevin tracking our language in *State v. Leidholm, supra,* on the relationship between manslaughter, negligent homicide, and self-defense:

"You are instructed that the difference between self-defense and manslaughter is the reasonableness of the defendant's belief that the use of force is necessary to prevent imminent unlawful harm. If the defendant's belief is reasonable he will be found to have acted in self-defense. If unreasonable, he is guilty of either manslaughter or negligent homicide, depending upon whether his belief was held recklessly or negligently, respectfully [sic]."

In *State v. Bonner*, 361 N.W.2d 605, 609 (N.D.1985), we recently summarized our approach to reviewing jury instructions:

"In determining whether a jury instruction is misleading, the instruction as a whole must be considered. If, when considered as a whole, the instruction correctly advises the jury as to the law, it is sufficient even if a part of the instruction standing alone may be insufficient or erroneous. *State v. Halvorson*, 346 N.W.2d 704, 709 (N.D.1984); *State v. Skjonsby*, 319 N.W.2d 764, 774 (N.D.

1982). If a jury instruction, when read as a whole, is erroneous, relates to a subject central to the case, and affects the substantial rights of the accused, it is ground for reversal. *State v. Reich*, 298 N.W.2d 468, 471 (N.D.1980)."

■ The trial court need not give instructions in the specific language requested by the defendant even though the requested instruction is a correct statement of law. *State v. Dilger*, 338 N.W.2d 87 (N.D.1983); *State v. Dachtler*, 318 N.W.2d 769 (N.D.1982).

■ Within the context of these legal principles, the issue raised by Kevin is more appropriately stated as whether the trial court's instructions, as a whole, correctly and adequately advised the jury of the law.

The instruction requested by Kevin is a correct statement of the relationship between manslaughter, negligent homicide, and self-defense. Neither the requested instruction nor the language in *State v. Leidholm, supra,* establishes a culpability requirement as an element of self-defense.[1] Rather, that instruction and language is an explanation of the relationship of the law on manslaughter, negligent homicide, and self-defense, and the definitions of recklessly and negligently.[2] We have reviewed the instructions given by the trial court, and we believe that the substance of that relationship was embodied in those instructions.[3] We conclude that the instructions

1. Subsections 1, 2, and 3 of Section 12.1–01–03, N.D.C.C., provide that, as an element of an offense, the State must prove beyond a reasonable doubt the non-existence of any "defense" raised by the defendant; however, if the defense is explicitly designated by statute as an "affirmative defense," the defendant must prove that affirmative defense by a preponderance of the evidence. *See* Vol. 1, Working Papers of the National Commission on Reform of Federal Criminal Laws, Comment on Proof and Presumptions, at p. 15 (1970). Self-defense is designated by our statutes as a "defense" and not an "affirmative defense." *See* Sections 12.1–05–01 and 12.1–05–03, N.D.C.C.

2. The trial court refused to give the requested instruction tracking the language in *State v. Leidholm*, 334 N.W.2d 811, 821 (N.D.1983), because the language "put a culpability requirement onto a defense which doesn't make any sense that actually the culpability requirement in this case lies within the definition of the crime itself." In *Leidholm*, we spoke of "elements of self-defense." The trial court apparently assumed that by using the term "element" we were creating culpability requirements additional to those established by Section 12.1–16–02, N.D.C.C. [manslaughter], and Section 12.1–16–03, N.D.C.C. [negligent homicide]. However, in *Leidholm*, we were analyzing Sections 12.1–05–03 and 12.1–05–08, N.D.C.C., which justify or excuse certain conduct which constitutes self-defense. In writing of the "elements" of self-defense, we did not use that term in the same context as the term "elements of an offense" as defined by Section 12.1–01–03(1), N.D.C.C. Moreover, our discussion in *Leidholm* was but a prelude to the discussion of whether the objective or subjective standard should be used to judge the conduct of the defendant when self-defense is an issue. That discussion was not, contrary to White's contention, language

"setting forth essential elements of an offense." It is a correct statement of the relationship between manslaughter, negligent homicide, and self-defense which, if given, would not have been error but was adequately covered by the instructions given by the trial court.

3. The trial court instructed the jury on the following relevant definitions:
   "MANSLAUGHTER: A person is guilty of manslaughter if he recklessly causes the death of another human being."
   "RECKLESSLY: A person engages in conduct 'recklessly' if he engages in the conduct in conscious and clearly unjustifiable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct, except that awareness of the risk is not required where its absence is due to self-induced intoxication."
   "NEGLIGENT HOMICIDE: A person is guilty of negligent homicide if he negligently causes the death of another human being."
   "NEGLIGENTLY: If a person engages in the conduct in unreasonable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct."
   The trial court's instruction on the essential elements of manslaughter provided:
   "With respect to the crime of Manslaughter alleged to have been committed by D. Kevin White, the burden of proof resting upon the State is satisfied only if the evidence shows, beyond a reasonable doubt, the following essential elements of the offense charged:
   "1. That on or about the 11–24th day of February, 1985, in Burleigh County, North Dakota, the Defendant, D. Kevin White,

given by the trial court, as a whole, correctly and adequately advised the jury of that relationship and the law.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

caused the death of Monte D. Meyers, a human being.

"2. That the cause of death was the reckless conduct of the Defendant.

"3. The defendant was not acting in self defense.

"If you find from all the evidence in this case, beyond a reasonable doubt, that all the foregoing elements, viewed in the light of the law, have been proven, then it is your duty to find the defendant guilty of manslaughter; otherwise it is your duty to find the defendant not guilty of manslaughter and consider the lesser included offense of negligent homicide."

The trial court's instruction on the essential elements of negligent homicide provided:

"In the event you find the defendant not guilty of the crime of manslaughter, then you must consider whether the defendant is guilty of the crime of negligent homicide, an offense which is necessarily included in the offense charged.

"The burden of proof resting upon the State is satisfied only if the evidence shows, beyond a reasonable doubt, the following essential elements of the lesser included offense of negligent homicide:

"1. That on or about February 11, 1985, in Burleigh County, North Dakota, the defendant negligently caused the death of Monte Meyers.

"2. The defendant was not acting in self defense.

"If you find from all the evidence in this case, beyond a reasonable doubt, that all the foregoing elements, viewed in the light of the law, have been proven, then it is your duty to find the defendant guilty of negligent homicide; otherwise, it is your duty to find the defendant not guilty."

The trial court's instruction on self-defense provided:

"A person is justified in using force upon another person to defend himself against danger of imminent unlawful bodily injury by another person. The doctrine of self-defense is founded upon necessity and no more force may be used than is necessary and appropriate under the circumstances.

"Deadly force is justified if it is used in lawful self-defense, or in lawful defense of others and the force is necessary to protect the actor or anyone else against death, serious bodily injury, or the commission of a felony involving violence.

"The use of deadly force is not justified if it can be avoided, with safety to the actor and others, by retreat or other conduct involving minimal interference with the freedom of the person menaced. The use of deadly force is not justified unless the person honestly and reasonably believed that he could not retreat from his attacker with safety.

"The defendant's conduct is to be judged by what he himself in good faith honestly believed and had reasonable ground to believe was necessary for him to do to protect himself from apprehended death or serious bodily injury, or the commission of a felony involving violence."

The last paragraph in the above-quoted instructions is the crux of the holding in *State v. Leidholm,* 334 N.W.2d 811 (N.D.1983), and was the purpose for the preliminary discussion in that case which White here alleges set forth "essential elements of an offense."