**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Leo Daniel STOPPLEWORTH, Defendant and Appellant.**

**Cr. No. 880346.**

Supreme Court of North Dakota.

June 27, 1989.

J.E. Rick Brown (argued), Asst. State's Atty., Grand Forks, for plaintiff and appellee.

Lundberg, Nodland, Schulz, Lervick & Tharaldson, Bismarck, for defendant and appellant; argued by Irvin B. Nodland, Bismarck.

MESCHKE, Justice.

Leo D. Stoppleworth appealed from a jury conviction of gross sexual imposition, seeking a new trial with instructions on lesser included offenses. We affirm.

Stoppleworth was charged with a class A felony of gross sexual imposition, which requires a "sexual act".[1] During a recess in the selection of the jury, the State moved to amend the information to also charge the class B felony of gross sexual imposition, which requires "sexual contact." De-

---

1. NDCC 12.1–20–03 defines gross sexual imposition:

"1. A person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if:

"a. He compels the victim to submit by force or by threat of imminent death, serious bodily injury, or kidnapping, to be inflicted on any human being;

\* \* \* \* \* \*

"2. A person who engages in sexual contact with another, or who causes another to engage in sexual contact, is guilty of an offense if:

\* \* \* \* \* \*

"b. He compels the victim to submit by force or by threat of imminent death, serious bodily injury, or kidnapping, to be inflicted on any human being.

"3. An offense under this section is a class A felony if in the course of the offense the actor inflicts serious bodily injury upon the victim, or if his conduct violates subdivision a or d of subsection 1. Otherwise the offense is a class B felony."

NDCC 12.1–20–02(3) and (4) say:

"In sections 12.1–20–03 through 12.1–20–12:

\* \* \* \* \* \*

"3. 'Sexual act' means sexual contact between human beings consisting of contact between the penis and the vulva, the penis and the anus, the mouth and the penis, or the mouth and the vulva; or the use of an object which comes in contact with the victim's anus, vulva, or penis. For the purposes of this subsection, sexual contact between the penis and the vulva, or between the penis and the anus or an object and the anus, vulva, or penis of the victim, occurs upon penetration, however slight. Emission is not required.

"4. 'Sexual contact' means any touching of the sexual or other intimate parts of the person for the purpose of arousing or satisfying sexual or aggressive desires."

fense counsel resisted.[2] The trial court denied the State's motion to amend the information, after the following colloquy:

[DEFENSE COUNSEL] "Mr. Brown has been aware for quite some time that he has a very difficult case of proving penetration in this case which is an element of gross sexual imposition when you're charging a sexual contact [sic].

\*    \*    \*    \*    \*    \*

"And apparently he has decided that in his own mind that the Court is not going to allow a lesser included offense, which he has not requested at this point, and he's making an end run.

"The difference is substantial, although Mr. Brown is trying to camouflage it by saying gross sexual imposition is gross sexual imposition, that's not true. When you have the difference in definition between sexual act and sexual contacts, the burden is substantially different and it's going to change the entire lawsuit, and at this point it's ridiculous to be expecting to be able to change the entire lawsuit.

"They had the option of charging whatever they wish at the time, and this isn't a new case. It's been pending since April.

\*    \*    \*    \*    \*    \*

[ASSISTANT STATE'S ATTORNEY] "If the state was assured that a lesser included offense of that would be the B felony, we wouldn't of even brought this motion. But we don't know that.

"THE COURT: I think it's clear that the state has an option of picking the charge. The defendant cannot pick what he's charged with. So the defendant basically has a right, as long as there's evidence to support it, request a lesser included offense. The state does not have that right because the state can pick the charge. You could have decided what you want to charge basically at any time, even before the jury trial."

Neither the State nor defense counsel requested instructions on any lesser included offenses. The trial court instructed the jury on the class A felony of gross sexual imposition but did not instruct the jury on any lesser included offenses. The jury found Stoppleworth guilty of the class A felony.

Stoppleworth contended that the trial court erred in failing to instruct the jury on offenses included in the class A felony of gross sexual imposition, particularly gross sexual imposition as a class B felony, sexual imposition under NDCC 12.1–20–04, and sexual assault under NDCC 12.1–20–07. Stoppleworth argued that there was evidence from which the jury could have found that he committed either a sexual act or sexual contact, entitling him to instructions on the lesser included offenses. Stoppleworth conceded that his trial counsel did not request lesser-included-offense instructions but he argued that the failure was obvious error affecting his substantial rights which may be noticed for the first time on appeal under NDRCrimP 52(b).

In *State v. Frey*, 441 N.W.2d 668 (N.D. 1989), we recently held that, as a matter of trial tactics, a defendant may waive his right to any lesser-included-offense instructions. Frey's trial counsel had specifically objected to instructing the jury on lesser offenses, taking the all-or-nothing risk that the jury would acquit, not convict, Frey of the greater offense. Under those circumstances, we declined to treat the failure to give instructions on lesser included offenses as obvious error. We said:

"[T]here is a vast difference between a defendant raising an issue on appeal about allegedly incorrect jury instructions where there has been no objection ... or no request for other instructions in the lower court ... and a defendant raising an issue on appeal about jury instructions where the defendant has specifically requested that the jury not be given those instructions. In *State v. Trieb, supra,* 315 N.W.2d [649] at 655, fn. 8, [ (1982) ] we recognized that difference when we cautioned that the 'failure to object [to jury instructions] as a deliberate trial tactic designed to "sandbag"

2. Stoppleworth's counsel on appeal did not represent him at trial.

the judicial process, will not be tolerated by this court.' *See State v. Miller,* 388 N.W.2d 522 (N.D.1986) [declining to review an alleged error under Rule 52(b), N.D.R.Crim.P., where the failure to raise it below constituted a tactical decision]. That difference is also a corollary of our well established rule that a party to a criminal proceeding cannot complain about errors invited upon the court." *State v. Frey, supra,* 441 N.W.2d at 670–671.

Error wittingly created by defense counsel's tactics cannot be obvious error.

In this case, trial counsel's response to the State's motion to amend the information reveals a trial stratagem. Defense counsel was taking the all-or-nothing risk that the jury would acquit, not convict, Stoppleworth of the harsher charge. Although counsel's statements were not as explicit as in *State v. Frey, supra,* those statements nevertheless establish a deliberate trial tactic by counsel. Stoppleworth therefore waived his right to any instructions on lesser included offenses. We decline to review this claim of error as obvious under NDRCrimP 52(b).[3]

We are not persuaded by Stoppleworth's argument that his trial counsel was influenced by the trial court's erroneous statement that the prosecution did not have the right to request instructions on lesser included offenses. *See State v. Sheldon,* 301 N.W.2d 604, 608 (N.D.1980) [Both prosecution and defense may request instructions on lesser included offenses]. Stoppleworth's counsel based resistance to the State's motion to amend the information upon lack of notice that the State would attempt to prove sexual contact rather than a sexual act. In *State v. Sheldon, supra,* we said that a defendant is not deprived of his Sixth Amendment right to notice of the charges against him when a jury convicts him of a lesser offense which was included, though not specifically stated, in the information. Therefore, we see no reason to excuse Stoppleworth from his tactical waiv-

er of instructions on lesser included offenses.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.

---

**3.** Because of our resolution of this issue, we express no opinion about whether lesser included instructions would have been appropriate in this case. *See State v. Frey, supra,* at fn. 3.