STATE of North Dakota, Plaintiff
and Appellee,

v.

Marvin WIEDRICH, Defendant
and Appellant.

Cr. No. 890126.

Supreme Court of North Dakota.

July 31, 1990.

Michael Ray Hoffman, Bismarck, for defendant and appellant.

James M. Vukelic, Deputy Atty. Gen., Bismarck, Joseph H. Kubik (appeared), State's Atty., Dickinson, for plaintiff and appellee.

VANDE WALLE, Justice.

Marvin Wiedrich appealed from a jury conviction of manslaughter, alleging, among other issues, omissions from the jury instructions. We reverse the conviction.

On May 21, 1988, Eddie Goodbird went to Halliday, North Dakota, to seek work at the Long Horn Bar, owned by Wiedrich. Wiedrich hired him to do some yard work. After Goodbird started the job, the mower broke. Goodbird went back into the bar, told Wiedrich about the mower, and offered to finish the job when the mower was fixed. Wiedrich paid Goodbird $15.00. Goodbird had a few beers and played an electronic game with another bar patron. Meanwhile, Wiedrich went out to inspect Goodbird's work. When he came back in, he was angry and hollered at Goodbird,

"You didn't do shit." An argument took place in which Wiedrich was more vocal, but no one heard or saw any threats of violence, shoving, or pushing.

The other patrons left and there was no one else present when Wiedrich shot Goodbird twice with a pistol. Soon after the shooting, Esther Horning, Wiedrich's live-in friend, returned to the bar and found Wiedrich calling the sheriff to report the shooting. Wiedrich told her to lock the door to the bar. When the sheriff arrived, Horning unlocked the door and let him in. The sheriff found Goodbird dead, lying face down behind the bar. Wiedrich told the sheriff, "I shot him."

Wiedrich was charged with murder, a class AA felony. The jury was instructed on AA murder, on lesser-included offenses of A murder and manslaughter, and on self-defense. Wiedrich was convicted of manslaughter and sentenced to ten years in the state penitentiary. Wiedrich appealed.

▪ The trial court refused an instruction requested by Wiedrich that possession of a firearm by the proprietor of a retail liquor establishment was not illegal. The trial court denied his request because the instruction concerned a "collateral matter" which would "only cause confusion of the real issues before the jury." Wiedrich argues this omission was reversible error.

Wiedrich was not being tried for possessing a firearm, but rather for how he used it. It is well-settled that if the instructions, when considered in their entirety, correctly advise the jury as to the law applicable to the case, there is no error even though the trial court refused to submit a requested instruction which itself was a correct statement of law. State v. Huwe, 413 N.W.2d 350, 352 (N.D.1987). Wiedrich was not substantially harmed by the denial of a jury instruction on an issue different than homicide.

Wiedrich was on trial for AA murder.[1] The trial court also instructed on lesser-included offenses of A murder[2] and manslaughter,[3] as well as self-defense, but did not instruct on negligent homicide.[4] Wiedrich objected to submission of any lesser offenses and did not request submission of the lesser offense of negligent homicide. On appeal Wiedrich assigns as obvious error the trial court's failure to instruct on negligent homicide.

In this Court, Wiedrich insists that a charge of negligent homicide must always be given to a jury instructed on self-defense and on manslaughter. Wiedrich quotes State v. Leidholm, 334 N.W.2d 811, 821 (N.D.1983), as authority that "any time the court instructs a jury on self-defense, it must of necessity include a special instruction on manslaughter as well as an instruction on negligent homicide." See also

1. NDCC § 12.1–16–01(1) provides:
   Murder.
   A person is guilty of murder, a class AA felony, if he:
   a. Intentionally or knowingly causes the death of another human being;
   b. Causes the death of another human being under circumstances manifesting extreme indifference to the value of human life; or
   c. Acting either alone or with one or more other persons, commits or attempts to commit treason, robbery, burglary, kidnapping, felonious restraint, arson, gross sexual imposition, or escape and, in the course of and in furtherance of such crime or of immediate flight therefrom, he, or another participant, if there be any, causes the death of any person; ...

2. NDCC § 12.1–16–01(2) provides:
   A person is guilty of murder, a class A felony, if the person causes the death of another human being under circumstances which would be class AA felony murder, ex-

cept that the person causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse. The reasonableness of the excuse must be determined from the viewpoint of a person in his situation under the circumstances as he believes them to be. An extreme emotional disturbance is excusable, within the meaning of this subsection only, if it is occasioned by substantial provocation, or a serious event, or situation for which the offender was not culpably responsible.

3. NDCC § 12.1–16–02 provides:
   Manslaughter. A person is guilty of manslaughter, a class B felony, if he recklessly causes the death of another human being.

4. NDCC § 12.1–16–03 provides:
   Negligent homicide. A person is guilty of a class C felony if he negligently causes the death of another human being.

*State v. White*, 390 N.W.2d 43 (N.D.1986). Wiedrich urges that, when the trial court overruled his objections to submission of any lesser offenses and instructed on manslaughter and self-defense, the trial court was still obliged to instruct on negligent homicide.[5]

A defendant is entitled to an instruction on all defenses for which there is any support in the evidence, whether such evidence is consistent or inconsistent. *State v. Thiel*, 411 N.W.2d 66 (N.D.1987); *State v. Hazlett*, 16 N.D. 426, 113 N.W. 374 (1907). But, generally, absent a request for an instruction on a lesser-included offense, it is not error for the trial court to fail to give such an instruction. *State v. Motsko*, 261 N.W.2d 860 (N.D.1977) [disagreeing with the rule from some jurisdictions that, even in the absence of a request and irrespective of the evidence presented in a case, a trial court must instruct on all included offenses]. The issue before us is whether our decision in *State v. Leidholm*, *supra*, requiring that when an instruction on self-defense is given the court must also instruct on all lesser-included offenses, is controlling in this instance or whether our decision in *State v. Frey*, 441 N.W.2d 668 (N.D.1989), holding that when a defendant objects to the lesser-included offense instruction there is no error when the court does not instruct as to the lesser-included

offenses notwithstanding that the court has also instructed on self-defense is controlling. We conclude that, under the facts of this case, *Leidholm*, not *Frey*, controls.

Although Wiedrich did not testify at the trial, there is no doubt that his explanation of the shooting was self-defense. Wiedrich's statement to a deputy sheriff at the scene of the shooting was offered in evidence by the State. Excerpts from Wiedrich's statement illustrate his position:

[Wiedrich]: [H]e told me and he come around the end of the bar come up, the threat to kill me, and beat on me (inaudible due to crying).

\* \* \* \* \* \*

[Wiedrich]: I got this little pistol laying over there, it's always there, it's always been there.

\* \* \* \* \* \*

[Wiedrich]: I couldn't take no more beating, I reached for my pistol and apparently I used it.

\* \* \* \* \* \*

[Wiedrich]: I had to do something to survive.

[Deputy]: Okay, you felt at this point if you had not killed him, he was going to kill you.

[Wiedrich]: I said, I was dead when I picked up the gun.

5. During the trial, Wiedrich was aware that the trial court (at the request of the prosecution) was proposing to give lesser included offenses of A murder and manslaughter in the instruction to the jury. On that expectation, Wiedrich sought variations in the jury instructions on intent and reckless disregard. Before the trial court instructed the jury, Wiedrich's counsel was given an opportunity to review the proposed instructions and to designate objectionable parts.

Wiedrich's counsel then objected to any instructions on lesser-included offenses:

"The defense, after consultation with his client, has decided that we would object to the lesser included offenses in this case. The State has charged this case as premeditated as AA murder.... The State [is] ... asking for the jury to make the States' [*sic*] decision, and we would object to the lesser included offense. We would also like to [*sic*] precisely quoted in the instructions that this is the States' [*sic*] request and not the defendant's request."

The trial court responded, "These are the Court's instructions, not counsels' instructions so what you're suggesting would be highly improper, but your ... objection is noted for the record." Thus, the record plainly shows that Wiedrich objected to submission of any lesser offenses. Wiedrich's counsel objected to all lesser-included offenses and he did not ask that negligent homicide be included.

In his appellate argument, Wiedrich recognized that "[o]nce the trial court instructed on self-defense and manslaughter, Defendant failed to object to the fact that the trial court did not charge on negligent homicide, nor did Defendant request a charge on negligent homicide." He argued, however, that "[u]nder the facts and circumstances of this case, the trial court's failure to properly instruct on negligent homicide was error which infringes upon substantial rights of the Defendant, and therefore can be noticed for the first time on appeal by this Court under Rule 52(b), N.D.R.Crim.P."

[Deputy]: Okay, so you, when you shot the gun, you felt that you had to do that to protect yourself?

[Wiedrich]: Yes, to stay alive, I had, cause he was nailing me right and left, I mean, it was (inaudible) on me.

[Deputy]: Okay, by nailing you right and left, can you, ah, what do you mean by that? Was he hitting you with his fists?

[Wiedrich]: Like hitting me, like.

[Deputy]: So he was hitting you with his fists?

[Wiedrich]: With his fist, tried to kick me a few times and asked me to get out of the way and he kicked me in a certain place (inaudible) which he was aiming for.

[Deputy]: What place was this?

[Wiedrich]: The crotch.

[Deputy]: So you felt if he'd a kicked you in the groin area then you'd been down.

[Wiedrich]: Right. That's what he was aiming for.

[Deputy]: Okay, while he was hitting and kicking you, was he, say anything to you?

[Wiedrich]: Ya. I'm gonna kill you son-of-a-bitch.

[Deputy]: That was quote "I'm gonna kill you son-of-a-bitch"? Unquote.

[Wiedrich]: I'm gonna kill you son-of-a-bitch.

[Deputy]: How many times did he say this to you?

[Wiedrich]: About three-four times before he got backed in the corner.

[Deputy]: Okay, ah, did he tear the tie off you?

[Wiedrich]: Ya. I didn't know I was even missing it. I didn't know I was.

\* \* \* \* \* \*

[Wiedrich]: Yes, when, first time I shot him, he had hold of my throat, and beating on me. After that he just kept beating on me until the second shot.

There was also evidence that Wiedrich's left temple was bloody and bruised and that he had a scratch on the left side of his face. Witnesses testified that Wiedrich appeared upset and that he said "I didn't mean to do it. I didn't want to kill anybody," and "He kept coming at me. He just was coming at me, and I shot him, and he kept coming at me so I shot him again."

In *State v. Leidholm, supra,* Leidholm contended that it was error to instruct the jury, over her objection, that manslaughter was a lesser-included offense of murder. We observed that whether or not a lesser-included offense instruction on manslaughter is appropriate in a murder trial depends upon the particular facts and circumstances of the case and concluded that the trial court's instruction on manslaughter was warranted in that case. More significantly, for the purpose of this case, we observed that:

"[A]ny time the court instructs a jury on self-defense, it must of necessity include a special instruction on manslaughter as well as an instruction on negligent homicide. [Citations omitted.] The difference between self-defense and manslaughter is the reasonableness of the accused's belief that the use of force is necessary to prevent imminent unlawful harm. If the accused's belief is reasonable, he will be found to have acted in self-defense. If unreasonable, he is guilty of either manslaughter or negligent homicide, depending upon whether his belief was held recklessly or negligently, respectively. [Citations omitted.]" *State v. Leidholm,* 334 N.W.2d at 821.

In *State v. Frey, supra,* Frey was charged with the murder of one man and the attempted murder of another man. Frey requested an instruction on self-defense but specifically objected to instructing the jury on lesser-included offenses of any kind. The State requested an instruction on a lesser-included offense of attempted murder, *i.e.,* aggravated assault. The court instructed the jury on murder, self-defense, attempted murder and aggravated assault (a lesser-included offense of attempted murder), but did not instruct the jury on lesser-included offenses of murder. Frey was convicted of murder and aggravated assault but notwithstanding his ob-

jection to any instructions on lesser-included offenses of murder at the trial level on appeal, relying on *Leidholm*, he contended it was obvious error under Rule 52(b), NDRCrimP, to not instruct on those lesser-included offenses.

In its decision, this Court observed that the defendant has a right to waive instructions on lesser-included offenses as a trial tactic, observing that a defendant "who waives instructions on lesser included offenses takes an all-or-nothing risk that the jury will not convict of the greater offense." *State v. Frey*, 441 N.W.2d at 670. The Court noted there was a "vast difference between a defendant raising an issue on appeal about allegedly incorrect jury instructions where there has been no objection ... or no request for other instructions in the lower court ... and a defendant raising an issue on appeal about jury instructions where the defendant has specifically requested that the jury not be given those instructions." *Id.* at 670–71. The Court concluded that because Frey's trial counsel specifically objected to instructions on lesser-included offenses of murder, Frey waived any right to those instructions that he might otherwise have had.

In *Frey*, the court acknowledged the right of the defendant, as a trial tactic, to reject any lesser-included offense instructions. The effect of such a position by the defendant is to force the jury to either convict or to acquit outright. It permits no compromise on the part of the jury. The defendant gambles that the jury will at least have a reasonable doubt that all the elements of murder have been proven and, therefore, will have to acquit the defendant of that charge rather than have the choice to convict of a lesser-included offense.[6] But this is not a *Frey* case. In *Frey*, the defendant objected to instructions on any lesser-included offenses and *none* were given. Here, Wiedrich also objected to all lesser-included offense instructions but, at the *State's* request, the court instructed on class A murder and the lesser-included offense of manslaughter, as well as giving an instruction on self-defense. When the trial court, over the defendant's objection, instructed on a lesser-included offense, it nullified the trial tactic of the defendant to force the jury into an all-or-nothing position. The State has the right to request the lesser-included instruction over the objection of the defendant. But, once that is granted and an instruction on manslaughter, in addition to an instruction on self-defense, is given, our conclusion in *Leidholm* applies, *i.e.*, that when a self-defense instruction is given the court must, of necessity, include a special instruction on manslaughter *and* on negligent homicide. If self-defense has been alleged but has been determined by the jury to be not reasonable, the defendant is guilty of either manslaughter or negligent homicide, depending upon whether the belief was recklessly held, in which case he is guilty of manslaughter, or negligently held, in which case he is guilty of negligent homicide.

Thus, contrary to the situation in *Frey*, the trial court, over the defendant's objection, nullified Wiedrich's trial tactic of having the jury instructed only on the greater offense, murder, and self-defense. Once the defendant's wishes on this matter were overruled, the trial court should have instructed on all the lesser-included offenses, including negligent homicide.

The difference between "recklessly" and "negligently" is defined by our statute:

"1. For the purposes of this title, a person engages in conduct:

.    .    .    .    .

c. 'Recklessly' if he engages in the conduct in *conscious and clearly unjustifiable disregard* of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct....

d. 'Negligently' if he engages in the conduct in *unreasonable disregard* of a substantial likelihood of the existence of the relevant facts or risks,

---

**6.** The scene was set for the court's holding in *Frey* by its previous decision in *State v. Motsko*, 261 N.W.2d 860 (N.D.1977), rejecting the rule in some jurisdictions that a trial court must, even in the absence of a request and irrespective of facts, instruct on all included offenses.

such disregard involving a gross deviation from acceptable standards of conduct." [Emphasis supplied.] NDCC § 12.1–02–02.

Wiedrich was charged with murder but the jury did not convict him of murder; it convicted him of manslaughter. It is apparent from the facts of this case that a jury could have concluded that Wiedrich was negligent in his conduct, if given the choice, as well as it could and did conclude that he was reckless because it was given no other choice.

Manslaughter is a class B felony. NDCC § 12.1–16–02. Negligent homicide is a class C felony. NDCC § 12.1–16–03. Conviction of a class B felony carries a penalty of a maximum of ten years in prison and a ten thousand dollar fine; a class C felony conviction carries a penalty of a maximum of five years in prison and a five thousand dollar fine. NDCC § 12.1–32–01. Wiedrich was sentenced to the maximum imprisonment, i.e., ten years. The prejudicial effect of the failure to instruct on negligent homicide is obvious. Rule 52(b), NDRCrimP.

In summary, this is not a *Frey* case. In *Frey*, the court did not, at the specific request of the defendant, instruct on the lesser-included offenses of murder. Only on appeal was the issue raised that the trial court should have so instructed because it also instructed on self-defense. Here the court, notwithstanding the objection of Wiedrich, instructed on the lesser-included offense of manslaughter. Wiedrich could have requested the instruction on negligent homicide but in view of his previous opposition to any lesser-included offense instructions, he was not required to do so. To construe his failure to do so under these circumstances as a waiver, such as in *Frey*, would be unwarranted and grossly unfair. Once the trial court determined to instruct on self-defense and to instruct on the lesser-included offense of manslaughter, it had an obligation, when the State failed to make the request, to also instruct on the lesser-included offense of negligent homicide, notwithstanding the lack of a request from Wiedrich to do so. Any other conclusion does violence to this Court's holding in *Leidholm* and its holding in *Frey*, as well as the rationale for those holdings.

Wiedrich has raised other issues which are not necessary to the disposition of this appeal nor is it apparent that they will necessarily rise again at the new trial. We, therefore, do not decide nor discuss them. *See e.g., Leidholm, supra; State v. Bergeron*, 340 N.W.2d 51 (N.D.1983); *Peck of Chehalis, Inc. v. C.K. of Western America, Inc.*, 304 N.W.2d 91 (N.D.1981).

Because the jury was instructed on self-defense but not instructed on the other lesser-included offenses of murder, we reverse the judgment of conviction and remand this matter to the trial court for a new trial.

GIERKE and LEVINE, JJ., concur.

MESCHKE, Justice, dissenting.

I believe that Wiedrich had a fair trial and that his deliberate, tactical choice not to request a jury instruction on negligent homicide was not obvious error. Therefore, I respectfully dissent.

The majority opinion formulates a "right of the defendant, as a trial tactic, to reject any lesser-included offense instructions." When the defendant's tactics are unsuccessful, the majority concludes that it is "unwarranted and grossly unfair" to the defendant to give a lesser-included offense instruction requested by the prosecution if there is an additional lesser offense possible. According to the majority, failure to instruct on "all the lesser-included offenses" becomes obvious error when the defendant "could have requested" another since he "was not required to do so."

This is new criminal procedure, ignores existing rules, and unsettles precedent. I suspect that it will cause confusion and doubt in the trial courts and that it will bring on a surge of defense appeals urging obvious error when defensive trial tactics are unsuccessful.

This court's decision in *State v. Leidholm*, 334 N.W.2d 811 (N.D.1983) did not foreshadow today's decision. In *Leidholm*, the dispositive issue was whether the trial

court correctly instructed the jury on self-defense. *Leidholm* held that the trial court's instruction on an objective standard of self-defense was erroneous and that a subjective standard was necessary. *Leidholm* was a thorough analysis of the definition of self-defense, but the statement on the "necessity" of instructing on both manslaughter and negligent homicide as lesser-included offenses was dictum, secondarily addressed "to ensure a proper disposition of the case on remand." 334 N.W.2d at 819, 821. Moreover, this ruling was made in response to a defense claim that it was error for the trial court to instruct the jury, over defense objections, that manslaughter was a lesser-included offense of murder. Giving of the manslaughter instruction, over objection by the defense, was approved: "We have no question that the court's instruction on manslaughter was warranted in this case." *Id.* at 821. The *Leidholm* decision was not responding to a claim of obvious error for not instructing on an unsought lesser offense, but rather held that it was proper to instruct on a lesser offense in spite of defense objection.

This court's decision in *State v. Frey,* 441 N.W.2d 668 (N.D.1989) did not foreshadow today's decision. It is true that the State did not request either manslaughter or negligent homicide as lesser-included offenses of murder in *Frey,* but it did request the lesser included offense of aggravated assault as a lesser offense of attempted murder, which was given with the self-defense instruction requested by the defense. We held in *Frey,* 441 N.W.2d at 671:

> Because Frey's trial counsel specifically objected to instructions on lesser included offenses of murder, Frey waived any right to those instructions that he might otherwise have had, and the trial court did not err in failing to instruct the jury on lesser included offenses of murder. (Footnote omitted).

Similarly, in *State v. Stoppleworth,* 442 N.W.2d 415 (N.D.1989), we rejected a claim of obvious error for failure to instruct on lesser offenses in an appeal from a jury conviction of gross sexual imposition. There had been no instructions on any lesser-included offenses, but defense counsel had objected to an abortive attempt by the State to amend the complaint to add a lesser charge. "Error wittingly created by defense counsel's tactics cannot be obvious error." *Id.* at 417.

In *State v. Motsko,* 261 N.W.2d 860 (N.D. 1977), simple assault had been given as a lesser-included offense of kidnapping upon a defense request. On appeal, the defendant argued that the trial court should have also instructed on felonious restraint and unlawful imprisonment as additional lesser-included offenses even though not requested. This court ruled:

> In the absence of a request, there was no error. *State v. Heasley,* 196 N.W.2d 896 (N.D.1972); *State v. Berger,* 148 N.W.2d 331 (N.D.1967). We do not agree with the rule in some jurisdictions that a trial court must, even in the absence of a request and irrespective of the facts, instruct on all included offenses. *See State v. Piper,* 261 N.W.2d 650 (N.D. 1977).

261 N.W.2d at 867. Since *Motsko,* this court has often applied the same principle in similar decisions.

For example, *State v. Demery,* 331 N.W.2d 7 (N.D.1983), affirmed a conviction for Class B robbery and rejected a claim of obvious error for not instructing on Class C robbery. In his *Demery* opinion for this court, the author of today's majority opinion used the correct analysis:

> Our interpretation of the requirements of Rule 30(c) of the North Dakota Rules of Criminal Procedure has made it clear that an attorney's failure to object at trial to instructions which he had an opportunity to examine before they were given to the jury operates as a waiver of his right on an appeal to object to the instructions. See *State v. Gates,* 325 N.W.2d 166 (N.D.1982); *State v. Allery,* 322 N.W.2d 228 (N.D.1982); *State v. Granrud,* 301 N.W.2d 398 (N.D.1981). The issue, therefore, has not been properly preserved for our consideration, and consequently our inquiry is limited to the question whether or not the alleged error constitutes an obvious error which af-

fects substantial rights of the defendant. Rule 52(b), N.D.R.Crim.P.; *Allery, supra,* 322 N.W.2d at 232; *Granrud, supra,* 301 N.W.2d at 401–402; *cert. denied,* 454 U.S. 825, 102 S.Ct. 113, 70 L.Ed.2d 98 (1981); *State v. Reich,* 298 N.W.2d 468 (N.D.1980). We conclude it does not. See *State v. Motsko,* 261 N.W.2d 860 (N.D.1977); *United States v. Iron Shell,* 633 F.2d 77 (8th Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). (Footnote omitted).

331 N.W.2d at 11. Today's majority opinion ignores and unsettles this long precedential line. *Motsko* and related decisions are silently, but substantially, overruled.

In today's case, Wiedrich was aware that the trial court, at the request of the prosecution, proposed to instruct the jury on the lesser-included offenses of A murder and manslaughter. On that expectation, Wiedrich sought changes in jury instructions defining intent and manslaughter. Before the trial court instructed the jury, Wiedrich's counsel was given an opportunity to review the proposed instructions and to designate objectionable parts. NDRCrimP 30(c) instructs: "Thereafter, only the parts or omissions so designated are deemed excepted to by the counsel designating the same."

As the majority opinion outlines in footnote 5, Wiedrich's counsel thereafter objected to the instruction on manslaughter, but he did not ask that negligent homicide be included. Wiedrich's trial counsel could not have made his position more clear. He objected to all lesser-included offenses and he did not request that negligent homicide be included. This was clearly a trial tactic. It would have been inconsistent with the trial strategy to have requested an instruction on negligent homicide.

On appeal, another attorney representing Wiedrich has changed the strategy and now urges that "the trial court's failure to properly instruct on negligent homicide was error which infringes upon substantial rights of the Defendant, and therefore can be noticed for the first time on appeal by this Court under Rule 52(b), N.D.R.Crim.

P." I think that is wrong. We should follow *Frey,* not dissect it. We should hold that, where a criminal defendant has waived instructions on lesser-included offenses as a trial tactic, "[w]e decline to review this claim of error as obvious under NDRCrimP 52(b)." *Stoppleworth,* 442 N.W.2d at 417. As we have often preached, our power to notice obvious error should be exercised cautiously and only in exceptional situations where the defendant has suffered serious injustice. *State v. Hersch,* 445 N.W.2d 626, 634 (N.D.1989); *State v. Kopp,* 419 N.W.2d 169 (N.D.1988). Obvious error ought to be just that, not obscured or obviated by a defendant's deliberate choices.

I do not understand how a defendant gains an appellate right to insist on instructions not sought. This court did say in *Frey,* 441 N.W.2d at 670, that a defendant has a right to waive instructions on lesser included offenses as a trial tactic, citing several cases from other states. I agree with that; NDRCrimP 30(c) implicitly says so. But, it is quite a different thing to make the defendant's waiver right paramount to the prosecution's equal right to request lesser-included offense instructions. NDRCrimP 30(b) says, "any party may file written requests that the court instruct the jury on the law...." *See also State v. Marks,* 452 N.W.2d 298, 304 (N.D. 1990); *State v. Allery,* 322 N.W.2d 228 (N.D.1982). The defendant's waiver right cannot be superior to the trial court's power to instruct on lesser-included offenses within the evidence. *See* 8A Moore's Federal Practice ¶ 31.03[1] (2d ed 1990). I find no precedential support for the proposition that it is "unwarranted and grossly unfair" to a defendant to instruct on one lesser-included offense at the initiative of the prosecution, but not to instruct on another lesser offense possibly within the scope of the evidence but unrequested by anyone.

It is not obvious to me that an instruction on negligent homicide was mandated by this evidence.

"The test is not merely whether or not the offense is a lesser included offense of the basic offense charged, but rather

is whether or not there is evidence which will create a reasonable doubt as to the greater offense and support a conviction of the lesser included offense."

*State v. Langan*, 410 N.W.2d 149, 152 (N.D.1987), quoting from *State v. Piper*, 261 N.W.2d 650, 654 (N.D.1977); *State v. Trieb*, 315 N.W.2d 649, 656 (N.D.1982). The lack of evidence suggesting mere negligence is a part of my difficulty with today's decision.

Manslaughter and negligent homicide differ from other homicide crimes in the state of mind of the accused. Murder occurs when one acts intentionally or knowingly. NDCC 12.1–16–01. Manslaughter occurs when one "recklessly causes the death of another human being." NDCC 12.1–16–02. One acts "recklessly" when "he engages in the conduct in conscious and clearly unjustifiable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct,...." NDCC 12.1–02–02(1)(c). Negligent homicide occurs when one "negligently causes the death of another human being." NDCC 12.1–16–03. One acts "negligently" when "he engages in the conduct in unreasonable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct." NDCC 12.1–02–02(1)(d). The honesty and reasonableness of a defendant's beliefs bear upon these different states of mind when there is a claim of self-defense. NDCC 12.1–05–07 and 12.1–05–08. But, a state of mind is rarely proven directly and must usually be inferred from conduct and circumstances.

In the circumstances of this case, it is easy to see how manslaughter was warranted. It is much more difficult to see how Wiedrich's conduct in shooting twice to kill a man was merely negligent.

The State maintained that Wiedrich's guilt of manslaughter was based upon "the facts that Goodbird was unarmed, that no warning shots were fired, and that [Wiedrich] made no attempt to escape from the alleged attack...." The State pointed out that one of Wiedrich's own statements clearly evidenced his recklessness, rather than a need for self-defense:

[Deputy]: So he was hitting you with his fists?

[Wiedrich]: With his fist, tried to kick me a few times and *asked me to get out of the way* and he kicked me in a certain place (inaudible) which he was aiming for. (Emphasis by the State).

This jury was instructed:

The use of deadly force is not justified if it can be avoided, with safety to the actor and others, by retreat or other conduct involving minimal interference with the freedom of the person menaced. The use of deadly force is not justified unless the person honestly and reasonably believed that he could not retreat from his attacker with safety.

*See State v. White*, 390 N.W.2d 43, 45–46, n. 3 (N.D.1986). The State took the position that "[t]he jury ... properly ... determined that defendant's belief that his life was being threatened was unreasonably held." I agree. I can understand why neither the prosecution nor the trial court believed a negligent homicide instruction was warranted without a clear request from the defendant.

Wiedrich's statement claimed that Goodbird was the aggressor, that Goodbird demanded money, and that Goodbird beat and choked him. In contrast, testimony of witnesses showed that, to begin, Wiedrich was the verbal aggressor. The pictures of Wiedrich showed slight bruises and abrasions to the left side of his face, but the autopsy revealed that Goodbird had no blood on his hands. There was no showing of any bruises around Wiedrich's neck where he was allegedly strangled. Wiedrich refused medical treatment and had no physical examination. Wiedrich's initial verbal aggression and superficial injuries were circumstances which clearly contradicted his claim of self-defense.

Other circumstances also contradict Wiedrich's claim of self-defense. Expert testimony about a lack of powder burns on Goodbird's shirt tended to evidence that Goodbird was not as close as claimed by

Wiedrich and thereby also evidenced that Wiedrich could not have reasonably believed that the use of deadly force was necessary to prevent imminent unlawful harm. There were no eye witnesses to the shooting. Wiedrich's breath smelled of alcohol. As a whole, the circumstantial evidence emphatically contradicted Wiedrich's claim of self-defense.

I would not have disagreed with Wiedrich's right to have the lesser-included offense of negligent homicide submitted to this jury if he had requested it. *State v. Thiel,* 411 N.W.2d 66, 67 (N.D.1987). "In determining on appeal whether the jury should have been charged on a particular defense [requested], we must view the evidence in the light most favorable to the defendant." *Id.* But that is a standard different from our standard of review for obvious error.

Here, I think there is a good deal of doubt whether negligent homicide was so manifested that it's omission ought to be treated as obvious error, even though Wiedrich did not request it. Consider, for example, corresponding doubts in the conflicting opinions in *State v. Haakenson,* 213 N.W.2d 394 (N.D.1973), which reversed a manslaughter conviction for error in instructing the jury on self-defense. If it is unclear that an unrequested lesser-offense was warranted, we should defer to the trial court's discretion in choosing not to submit it. A defendant should not be able to substitute a new strategy on appeal when his trial strategy was unsuccessful.

Because I believe that Wiedrich had a fair trial and that he made a deliberate, tactical choice not to request instructions on the lesser-included offense of negligent homicide, I would affirm. Therefore, I respectfully dissent.

ERICKSTAD, C.J., concurs.