2011 ND 30

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Joshua Michael BOESPFLUG, Defendant and Appellant.**

**No. 20100121.**

Supreme Court of North Dakota.

Feb. 8, 2011.

Bradford A. Peterson, Assistant State's Attorney, Ward County Courthouse, Minot, ND, for plaintiff and appellee. Submitted on brief.

Kent M. Morrow, Bismarck, ND, for defendant and appellant. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1]   Joshua Michael Boespflug appealed a criminal judgment entered after a jury found him guilty of corruption or solicitation of a minor. We affirm.

### I.

[¶ 2]   On January 3 and 5, 2009, Boespflug sent several text messages to the victim, S.B. During their exchange of text messages, Boespflug offered to pay S.B. if S.B. allowed him to perform oral sex. Responding to one request, S.B. replied he was a minor and that he was in high school. S.B. also responded that he was not interested in pursuing Boespflug's solicitation.

[¶ 3]   On January 5, 2009, the victim's parents contacted the Sheriff's office to investigate the text messages. As a deputy was photographing the text messages, he inadvertently forwarded a message to Boespflug. The message, which was a message previously sent to a different recipient, read "nothing, just chilling." Replying to the inadvertently sent message, Boespflug again texted S.B. and asked if he wanted a "discreet BJ."

[¶ 4]   Before trial, Boespflug proposed affirmative-defense jury instructions. One stated it is an affirmative defense if Boespflug reasonably believed S.B. to be an adult. The other stated it is an affirmative defense if Boespflug reasonably believed S.B. to be "less than three years younger than him at the time of the alleged offense."

[¶ 5]   At the trial, the State presented testimony of the investigating deputy and S.B. The deputy described many of the text messages and verified when the messages were sent. The deputy also testified as to the ages of Boespflug and S.B. The deputy testified Boespflug, at the time of the offenses, was more than three years older than S.B. The district court also received photographs of the text messages into evidence. After Boespflug's cross-examination of the deputy, the parties discussed the final jury instructions, and Boespflug again requested to include his affirmative-defense instructions. The court denied the request, finding insufficient evidence to support the reasonable-belief-the-victim-was-an-adult instruction. The court excluded the three-year age difference defense instruction because it constituted an element of the offense.

[¶ 6]   S.B. testified he was a minor and in high school at the time he received the text messages. S.B. also described the sexual and soliciting nature of the text messages.

[¶ 7]   At the close of the State's case-in-chief, Boespflug moved for a judgment of acquittal under N.D.R.Crim.P. 29, arguing

that the State's failure to prove Boespflug actually knew S.B. was 17 constituted a failure to prove an essential element of the crime. The district court denied the motion. The court also denied Boespflug's renewed request to include his proposed affirmative-defense jury instructions in the final instructions for the same reason it denied the earlier request for those instructions.

[¶ 8] Boespflug was the only defense witness. He acknowledged he sent text messages soliciting sex, but insisted throughout his testimony that he believed S.B. to be an adult. He also testified he took S.B.'s responses to be attempts to "threaten and to scare me into not texting him." At the close of evidence, Boespflug again moved for a judgment of acquittal under N.D.R.Crim.P. 29. The district court denied the motion. Boespflug did not renew his request to include his proposed affirmative-defense jury instructions.

## II.

[¶ 9] On appeal, Boespflug challenges the sufficiency of the State's evidence to support his criminal conviction. Specifically, he argues the district court erred when it denied his motion for judgment of acquittal.

[¶ 10] When a defendant challenges the sufficiency of the evidence, this Court applies the following standard of review:

> Appellate review of the sufficiency of the evidence for a jury verdict is very limited. When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses.... A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty.

*State v. Dahl*, 2009 ND 204, ¶ 6, 776 N.W.2d 37 (quoting *State v. Demarais*, 2009 ND 143, ¶ 7, 770 N.W.2d 246).

[¶ 11] Section 12.1–20–05(1), N.D.C.C., governing the offense of corruption or solicitation of minors, provides: "An adult who engages in, solicits with the intent to engage in, or causes another to engage in a sexual act with a minor, is guilty of a class A misdemeanor if the victim is a minor fifteen years of age or older." Because this statute does not specify the level of culpability, N.D.C.C. § 12.1–02–02(2) specifies the offense must be willfully committed. *See also* N.D.C.C. § 12.1–02–02(1)(e) (providing a person engages in conduct " 'Willfully' if he engages in the conduct intentionally, knowingly, or recklessly."). A related provision that applies to sex offenses provides: "When criminality depends on the victim being a minor fifteen years of age or older, the actor is guilty of an offense only if the actor is at least three years older than the minor." N.D.C.C. § 12.1–20–01(3).

[¶ 12] At trial, Boespflug did not dispute the fact that he sought to engage in a sexual act with S.B. Photographs of the soliciting text messages were received as evidence by the district court. Boespflug did not dispute that he was actually three years older than S.B. Testimony by S.B. and the deputy highlighted Boespflug's acknowledgment that he solicited sex from S.B. despite the fact he received a text message from S.B. explaining he was a minor and in high school. Sufficient

competent evidence supported the jury's guilty verdict.

### III.

[¶ 13] On appeal, Boespflug does not challenge the district court's denial of his request to include an affirmative-defense jury instruction that he reasonably believed S.B. to be an adult at the time of the offense. *See* N.D.C.C. § 12.1–20–01(2) (applying "[w]hen criminality depends on the victim being a minor"). Rather, Boespflug argues the district court erred in refusing to include his proposed affirmative-defense jury instruction that he reasonably believed he was less than three years older than S.B. at the time of the offense. This Court reviews

> jury instructions as a whole to determine whether they fairly and adequately advise the jury of the applicable law. A defendant is entitled to a jury instruction on a defense if there is evidence that creates a reasonable doubt about an element of the charged offense. We view the evidence in the light most favorable to the defendant to determine whether there is sufficient evidence to support a jury instruction.

*State v. Ness*, 2009 ND 182, ¶ 13, 774 N.W.2d 254 (internal citations omitted).

[¶ 14] Section 12.1–20–01(3), N.D.C.C., provides: "When criminality depends on the victim being a minor fifteen years of age or older, the actor is guilty of an offense only if the actor is at least three years older than the minor." Boespflug incorrectly categorized this provision in his proposed instruction as an affirmative defense. An affirmative defense is one "explicitly designated by statute." *See State v. White*, 390 N.W.2d 43, 45 n. 1 (N.D. 1986) (explaining the distinction between an "affirmative defense" and a "defense"); *see also* N.D.C.C. § 12.1–01–03(3) ("Subsection 1 does not apply to any defense which is explicitly designated an 'affirmative defense'."). The Legislature did not explicitly designate the three-year age difference requirement under N.D.C.C. § 12.1–20–01(3) as an affirmative defense.

[¶ 15] Significantly, the three-year age difference requirement could not have provided a "defense" for Boespflug. *See State v. White*, 390 N.W.2d 43, 45 n. 1 (N.D. 1986) ("[A]s an element of an offense, the State must prove beyond a reasonable doubt the non-existence of any 'defense' raised by the defendant."). The Legislature did not make the reasonableness of the defendant's belief of the age difference a part of the three-year age difference requirement. *Compare* N.D.C.C. § 12.1–20–01(3) (three-year age difference requirement) *with* N.D.C.C. § 12.1–20–01(2) (providing an affirmative defense where the defendant reasonably believes the victim is an adult). Boespflug did not dispute the actual three-year age difference between him and S.B. Therefore, the reasonableness of his belief that there was less than a three-year age difference between him and S.B. is not a defense.

### IV.

[¶ 16] We do not address the other issues now raised by Boespflug because they either lack merit or were not adequately preserved in the district court. We conclude that sufficient evidence supported the jury's guilty verdict and that the district court's jury instructions fairly and adequately advised the jury of the applicable law. We affirm the criminal judgment of the district court.

[¶ 17] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.